Hawkins *et al. v.* Taylor *et al.*

No. 15,129.

HAWKINS ET AL. *v.* TAYLOR ET AL.

RES ADJUDICATA.—*Quieting Title.—Right of Alienation.—Estoppel.*—Section 18, 1 G. & H., provides that if a widow remarries, holding 'real estate in virtue of a previous marriage, such widow may not during such marriage, with or without her husband's assent, alienate such real estate, and if during such marriage she shall die the real estate shall go to her children by the previous marriage. While this statute was in force, during a second marriage, a widow and her children conveyed real estate held by descent from the widow's former husband. In a suit instituted by the grantee, in which the widow and her children were made parties, the title was quieted.

*Held,* that the children were estopped by the decree to dispute, upon the widow's death, the validity of the alienation, having failed to do so in the suit to quiet title.

PARTITION.—*Pleading.—General Denial.—Relinquishment of Widow's Interest. —Evidence.*—In an action for partition the heirs claimed one-third of the land, and the defendant the entire tract.

*Held,* that the title was put in issue, and that under sections 1055 and 1070, R. S. 1881, evidence was admissible under the general denial tending to prove a parol partition of the land between the widow and children, by which the widow's interest in the land in dispute was divested, she taking instead other lands equal in value to one-third of the land owned by her former husband, since such a partition would be a complete defence to the action.

From the Daviess Circuit Court.

*J. W. Ogdon, M. F. Burke* and *W. F. Townsend,* for appellants.

*W. R. Gardiner, S. H. Taylor, J. W. Burton, J. C. Billheimer* and *J. Downey,* for appellees.

COFFEY, C. J.—This was an action instituted in the Daviess Circuit Court by Hiram .L. Hawkins, Mary J. Harris, Jennie Hawkins and Ella Hawkins against William A. Taylor and others for the partition of the lands described in the complaint.

The complaint alleges that the appellants are the owners in fee of the undivided one-third of the land, and that the appellees own the remaining undivided two-thirds; that the

appellants and the appellees are tenants in common, and that the appellees are claiming some interest in the one-third so owned by appellants, when, in truth and in fact, they have no right, title or interest therein.

. Prayer for partition, and that appellees be forever enjoined from asserting or claiming any interest in the one-third so owned by the appellants.

An additional complaint was filed in the cause, in which it was alleged, in addition to the facts above set out, that the appellees had executed certain mortgages upon their interest in the land in controversy, to which additional complaint was attached a prayer that the interest of the appellants be set off freed from the lien of said mortgages.

The appellees, except Francis M. Harned, the Ætna Life Insurance Company and the Evansville and Indianapolis Railroad Company, filed a joint answer to the complaint, the first paragraph of which is a general denial.

The second paragraph avers that at the October term of the Daviess Circuit Court for the year 1875, the appellee Joseph M. Taylor brought suit therein against Eli E. Hawkins, Catharine E. Hawkins, his wife, Elias Grace and Charlotte Grace, then his wife, John P. Coup and Mary J. Coup (now Mary Harris), Hiram L. Hawkins and Laura Hawkins, to quiet his title to the land in controversy in this suit; that in said suit it was adjudged and decreed by said court that the said Joseph M. Taylor was the owner of, and then held the title in fee simple to, the entire tract of real estate described in the complaint in this cause, and a decree was therein entered forever quieting his title to said land against the claim of said parties thereto ; that the appellees, other than Joseph M. Taylor, make title to said land through the said Joseph M. Taylor ; that the appellants, Hiram L. Hawkins and Mary J. Harris, formerly Mary J. Coup, are the same persons who were defendants in said action, and that the appellants Jennie Hawkins and Ella Hawkins are the children of Eli E. Hawkins, who was a defendant in said

suit, and who has since died, and that the said Jennie and Ella Hawkins succeeded to the rights of the said Eli E. Hawkins, and have no other claim to said land.

Upon issues formed the cause was tried by the court, who entered a finding for the appellees, and over a motion for a new trial entered judgment on the finding.

The only error assigned is that the court erred in overruling the motion of the appellants for a new trial.

The facts in the case, as disclosed by the evidence, are that William Hawkins died intestate about the year 1854, seized in fee of the land in dispute, together with other lands in Daviess county, and leaving as his only heirs at law his widow, Charlotte Hawkins, and the following named children: Benjamin J. Hawkins, Eli E. Hawkins, Mary J. Hawkins and Hiram L. Hawkins. In the year 1857 the widow married Elias Grace. Benjamin J. Hawkins died intestate in the year 1858, leaving his mother and the brothers and sister above named as his only heirs at law.

On the 18th day of January, 1870, Elias Grace and Charlotte, his wife, Eli E. Hawkins and Catherine E., his wife, and Mary J. Harris (then Coup) and John P. Coup, her husband, conveyed to Joseph M. Taylor, by general warranty deed of that date, the undivided seven-ninths of the land in controversy here, and on the same day, by order of the common pleas court of Daviess county, Elias Grace, as the guardian of Hiram L. Hawkins, conveyed to Taylor the remaining two-ninths of said land. Taylor paid the full value of the land, which amounted to $14,350. No part of the money was paid to Charlotte Grace, the widow, but the whole consideration was paid to the children of William Hawkins, deceased.

There is evidence tending to prove that at the time of the sale of this land to Taylor it was agreed between the children of William Hawkins, deceased, and Charlotte Grace, their mother, and Taylor, the purchaser, that Mrs. Grace

should take her interest in the lands of which her former husband died seized in lands other than the lands in dispute here, and that pursuant to such agreement she did take possession of other lands, and occupied them until her death, which occurred in 1887. Charlotte lived with her second husband from the date of their marriage until her death at the date above stated.

The proof fully sustains the second paragraph of the answer above set out.

Two controlling questions are presented for our consideration, namely :

*First.* Are the appellants in this case estopped from claiming any interest in the land in controversy by the decree of the Daviess Circuit Court quieting title thereto in Joseph M. Taylor ?

*Second.* Was evidence admissible under the issues in the cause tending to prove a parol partition of the lands of which William Hawkins died seized between Charlotte Grace and the children of William Hawkins, deceased ?

It is contended by the appellants that, under the provisions of section 18, 1 G. & H. 411, the deed executed by Charlotte Grace and her husband to Taylor on the 18th day of January, 1870, was void, and did not vest her interest in the land, and that upon her death it vested in her children by William Hawkins and their descendants. This statute provides that if a widow shall marry a second or any subsequent time, holding real estate in virtue of any previous marriage, such widow may not, during such marriage, with or without the assent of her husband, alienate such real estate, and if during such marriage such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be.

The argument is that an action to quiet title operates on existing titles only, and that, as the appellants acquired title to the land in dispute by descent from Charlotte Grace after the action of Taylor to quiet his title, the title now held by

the appellants is not affected by the decree entered in that case.

The general rule is that a judgment or decree does not conclude rights and interests which did not exist at the time the judgment or decree was rendered. The rule is the result of the well-known principle that a judgment or decree does not conclude matters which the parties had no opportunity to litigate. Freeman Judgments (3d ed.), section 329.

In this case, however, the parties did have the opportunity to litigate the validity of the deed executed by Mrs. Grace to Taylor. Had the action been against Mrs. Taylor alone, the appellants here would not have been bound by the decree, for their right to inherit the land through their mother could not have been affected by a proceeding to which they were not parties. But in Taylor's action to quiet title the appellants here were made parties defendant. Had Taylor's rights depended wholly upon his deed from Mrs. Grace, the court, no doubt, would have so framed the decree as to save the expectant interest of the appellants; but there is nothing in the record which enables us to say that Taylor based his claim to the land upon the deed from Mrs. Grace. In that case the decree may have been based upon the fact that the appellants were estopped from claiming the land because they received and still held all the purchase-price of the land, or it may have been based upon the fact that there had been a valid partition of the land of which William Hawkins died seized, whereby Mrs. Grace had been divested of any interest in the land in controversy. Indeed, it is useless to conjecture as to the foundation of the decree quieting title in Taylor, for such decree undoubtedly estopped Mrs. Grace from claiming any interest in the land, and, as the appellants must make their title through her, they are likewise estopped.

This, as we have said, would not, perhaps, be so in a case like this, where the children by a former marriage were not parties to the suit; but where they are made parties, as in

this case, and take no steps to protect their expectant inter-
est, we think they should be bound by the decree which
estops the party through whom they must make their title.

It is further contended by the appellants that, under the is-
sues in the cause, evidence was not admissible tending to prove
a parol partition between the appellants and Mrs. Grace.

There is no plea setting up such partition, but the appel-
lees claim that they had the right to introduce such evidence
under the general denial. They base their claim on the pro-
visions of sections 1055 and 1070, R. S. 1881. These sec-
tions are found in the code under the title " Ejectment."

Section 1055 provides that the answer of the defendant
may contain a denial of each material statement or obliga-
tion in the complaint; under which denial the defendant
shall be permitted to give in evidence every defence to the
action that he may have, either legal or equitable.

Section 1070 is found in connection with provisions for
quieting title, and provides that the rules above prescribed
shall, in such cases, be observed as far as they are applica-
ble ; and in partition cases, when the title to real estate is
*bona fide* in question, upon the pleadings and evidence be-
tween the parties.

Under this last named section it has often been held that
a defendant in an action to quiet title may give in evidence
all his defences to such action under the general denial. By
the express terms of the section the same rule is to be ap-
plied in actions for partition where the title to the land is
*bona fide* involved in the pleadings and evidence.

Ordinarily, the title is not in issue in a partition suit, but
the pleadings may be so drawn as to put the title in issue.
*Isbell* v. *Stewart,* 125 Ind. 112 ; *Davis* v. *Lennen,* 125 Ind. 185.

It will be observed that the complaint in this cause is
drawn with a view of quieting title to the land in dispute,
as well as obtaining partition of the same.

It is perfectly manifest, both from the pleadings and evi-
dence in the cause, that, while the appellants claim to be the

owners in fee of one-third of the land described in the complaint, the appellees claim to be the owners of the entire tract. We think the case is one where the title to the land is in question both by the pleading and evidence in the cause, and, being such, the court did not err in permitting the appellees to introduce evidence tending to prove a parol partition of the lands of which William Hawkins died the owner. If true that Mrs. Grace and the appellants made a parol partition of such lands, whereby the interest of Mrs. Grace in the land here in dispute was divested, such partition was a complete defence to this action.

The evidence tends strongly, we think, to prove such partition, and that Mrs. Grace took actual possession of the land assigned to her, and held and enjoyed it for a period of about seventeen years, and until her death.

The fact that the appellants received, and still retain, the full purchase-price for the land they now claim, coupled with the fact that Mrs. Grace was assigned land equal in value to about one-third of the land owned by William Hawkins when he died, together with the other facts and circumstances surrounding the parties, authorized the court to find, we think, that Mrs. Grace, at the time of her death, had no interest in the land involved in this suit.

There are some other questions, of minor importance, presented and argued by the appellants in their able brief, but they are not of controlling influence in the case. They relate, principally, to the admission and rejection of evidence, and need not be set out in this opinion.

We have given them each a careful consideration, and do not think the court erred in the matters of which complaint is made.

After a careful consideration of all the questions presented we are of the opinion that there is no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed June 10, 1891.