Filed May 11, 1893.

---

No. 16,313.

## MORARITY v. CALLOWAY ET AL.

ESTOPPEL.—*Quieting Title.*—*Subsisting Lien.*—*Failure to Assert.*—Where a defendant to an action to quiet title to land fails to assert any lien which he may have thereon, such defendant will be estopped thereafter from asserting such lien. Such lien should have been set up by way of cross-complaint, and saved from the operation of the decree quieting title.

From the Tipton Circuit Court.

*R. B. Beauchamp, W. W. Mount, G. H. Gifford* and *J. M. Fippen,* for appellant.

*J. N. Waugh, J. P. Kemp, E. B. Goodykoontz* and *G. M. Ballard,* for appellees.

COFFEY, C. J.—This was an action by the appellant against the appellees to have a lien declared and enforced against the land described in the complaint, for certain sums of money paid by him for taxes, and for improvements made on the land by way of ditches. Upon the issues formed on the several pleadings in the cause, the court found for the appellees. It is assigned as error that the court erred in denying the appellant a new trial.

The only matter discussed by counsel relates to the question as to whether the appellant is estopped from asserting the lien which he sets up in his complaint.

It appears from the evidence in the cause that the land described in the complaint was conveyed by the appellees King and King to the appellant on the 3d day of June, 1879. King and King, at the time of the conveyance, were husband and wife, and held the land by entireties. At that date Phebe King, the wife, was a minor, under the age of twenty-one years. She became twenty-one years of age on the 4th day of April, 1881, and at once repudiated the conveyance made by her and her husband, and served upon the appellant a written notice of her election to avoid the deed on account of her minority at the date of its execution. She subsequently brought suit in the Clinton Circuit Court to set aside the deed and quiet her title to the land, in which action she was successful. After quieting her title she and her husband conveyed the land to the appellee Calloway. During the time the appellant held the land under the deed from King and King, he purchased the same at a sale for delinquent taxes. He also performed labor in the construction of a public ditch, during that period, for which the land had been assessed.

These are the matters for which he seeks to recover in this action.

It is contended by the appellees that appellant is estopped by the decree quieting title from now asserting any lien on the land, existing prior to the date of such decree. While the appellant contends that, as the primary object of that suit was to avoid the deed executed by Phebe King while a minor, no such estoppel exists.

We are of the opinion that the decree quieting title, as against any claim to the land described in the complaint held by the appellant at the time such decree was rendered,

Morarity *v.* Calloway *et al.*

estops him from now asserting such claim. Of course the appellees were never personally liable on the claims set up in the complaint, and the only means by which the appellant could enforce them was by a decree declaring them a lien upon the land. If they were valid liens, they should have been set up by way of cross-complaint in the action to quiet title, and saved from the operation of the decree. *Green* v. *Glynn*, 71 Ind. 336; *Hawkins* v. *Taylor*, 128 Ind. 431.

To permit the appellant to assert these supposed liens now would be to hold that the title of the appellees to the land described in the complaint was not quieted, notwithstanding a general decree of a court of competent jurisdiction, to the effect that such title is quieted as against all claims of the appellant.

In our opinion the court did not err in overruling the motion of the appellant for a new trial.

Judgment affirmed.

Filed May 17, 1893.