Goss *et al. v.* Wallace *et al.*

Filed March 15, 1895.

---

No. 17,211.

Goss et al. *v.* Wallace et al.

Former Adjudication.—*Complaint, Sufficiency of.—Quieting Title.—* A paragraph of complaint, in an action to quiet title, does not disclose a former adjudication, in a partition proceeding, as to the property in question, where it does not appear that plaintiffs were parties to such former proceeding nor that title was there in issue.

Assignment of Errors.—*Not Available to all who Join in It.—*An assignment of error, to avail anything, must present an error which is available to all who join in it.

From the Fulton Circuit Court.

*M. L. Essick* and *O. F. Montgomery*, for appellants.
*P. M. Buchanan*, for appellees.

HACKNEY, J.—The appellees sued the appellants, and recovered a decree quieting their title to, and for possession of, a certain half quarter-quarter section of land in Fulton county. The third is the only paragraph of complaint questioned in this court. That paragraph proceeded upon the theory of a devise to the appellees of a vested remainder in fee to take effect in possession upon the death of their grandmother, and of their father, or upon the failure or refusal of the father, after the death of the grandmother, to live upon and occupy said lands; that the grandmother had died; that the father had surrendered possession under a sheriff's conveyance, thus presenting the condition upon which the fee to the appellees was to take effect in possession.

In tracing the steps under which the father lost possession, and the appellants claimed title, the appellees alleged that the grantee of the sheriff sued their mother for partition; that $14\frac{15}{100}$ acres, or two-thirds of said tract were set off to said grantee, and $5\frac{41}{100}$ acres, or one-third of said tract, were set off to their mother; that the appellant Goss claimed title by conveyance from said grantee, and the appellant Holmes claimed title by conveyance from the mother of the appellees.

The appellants insist that this paragraph of complaint was not sufficient against their demurrer, and the proposition argued is that the alleged partition proceeding disclosed an adjudication of title adverse to that asserted in this proceeding by the appellees. We find no support for this argument in the allegations of the paragraph in question. It does not appear that the appellees were parties to the partition proceeding, nor is it alleged that title was there in issue.

There is no presumption that title was in issue. *Luntz* v. *Greve*, 102 Ind. 173; *Davis* v. *Lennen*, 125 Ind. 185; *Hawkins* v. *Taylor*, 128 Ind. 431.

It is not argued that the circuit court erred in sustaining the demurrer of the appellees to the fourth paragraph of separate answer of the appellant Holmes. The ruling complained of is not assigned separately by the appellant Holmes, but is assigned jointly with her co-appellants. The answer related to the $5\frac{41}{100}$ acre tract described in the complaint, and which it was alleged in the answer, the appellant Holmes owned. There is no possible contingency in which the ruling, if error, could inure to the benefit of the appellants jointly. An assignment of error, like a complaint, must state a good cause of action or present an error which is available to all who join in it. *Arbuckle* v. *Swim*, 123 Ind. 208; *Douthit* v. *Douthit*, 133 Ind. 26; *Medical College, etc.*, v. *Commingore*, 140 Ind. 296. However, we may suggest that, as we understand the pleading from its doubtful language, and from what appellants' counsel claim for it, there is little doubt that it was insufficient. It attempted to plead a former adjudication in favor of the appellees as to another tract, consisting of thirty acres not expressly including the tract in this suit, but being included in the lands devised by the will made a part of the complaint in this suit.

The argument is that because the lands here in dispute could have been included in the former suit, the question now involved might then have been litigated, and will now be presumed to have been litigated and put at rest. This argument seeks to carry the presumption further than we have ever known it to have been carried and further than we would incline to carry it, if the question were properly before us.

The appellants Goss and Goss, and the appellant

Holmes, filed in the circuit court separate motions for a new trial, and in this court all of the appellants join in an assignment of error as to the ruling upon each of such motions. The same may be said of this specification of error as was said of that assigning the ruling upon demurrer to the separate answer of Holmes. Other questions are attempted to be presented by the assignment of error, but they are waived by the failure of counsel to present them in argument.

Finding no error in the record the judgment of the circuit court is affirmed.

Filed March 1, 1895.