D. E. PORTER, *Plaintiff in Error*, v. ELIZA CARROLL,
*Defendant in Error*.

Opinion filed June 30, 1922.

1.  In an action of ejectment where the defendant claims under
    a deed from one who purchased at a tax sale and the plaintiff
    claims under the person against whom the property was as-
    sessed, the parties claim under a common source of title.  The
    tax deed purported to divest the owner of his title.  If his
    title was not divested and the party who purchased at the tax
    sale acquired no title then his grantee acquired none unless
    the party at the tax sale had been in the adverse possessión
    of the land for the statutory period so that his claim of title
    had ripened into title by adverse possession.

2.  In an action of ejectment where both parties claim through
    a common source of title errors committed in allowing im-
    proper evidence of the title under which all the parties claim
    are harmless.

3.  Under Chapter 5596 Acts 1907 city lots which had not been
    returned for assessment should have been assessed as un-
    known.

4.  A valid assessment of lands in accordance with the laws
    regulating assessments is necessary and indispensable to
    make good the title of a purchaser at a tax sale and the
    *prima facies* of the regularity of the proceedings from the
    valuation of the land to the date of the deed afforded by the
    latter is overcome by proof of a tax roll showing a void as-
    sessment of the land.  Under Chapter 5596 Acts 1907 the as-
    sessor of taxes although he may know the owner of certain
    city lots should have assessed the same as unknown if such
    lots had not been returned for taxation.  Chapter 5725 Acts
    1907 was not intended to amend or modify that rule.  The
    purpose of the latter chapter was to distinguish for purposes
    of taxation between the land and the timber growing upon it
    when the properties were owned by different persons.

5. While the admission in evidence of a certified copy of the record of a certified excerpt from the American State Papers in support of the plaintiff's title in an action of ejectment is technically erroneous, yet where a comparison of such evidence with the printed volume of the American State Papers shows that such evidence consisted of a correct recital of the transactions of the Board of Land Commissioners in relation to the land in dispute, to reverse the judgment upon the ground that a technical error was made in the admission of the paper in evidence would be a violation of the spirit and letter of Chapter 6223 Acts 1911.

6. Section 795 Revised General Statutes 1920 providing for the payment by a person recovering land sold for taxes of all the taxes paid upon the land at the time of the tax sale and the value of improvements which were made upon the land in good faith by the purchaser at a tax sale does not apply in a case where the defendant in ejectment claims under a deed from one who purchased at a tax sale.

A Writ of Error to the Circuit Court for Putnam County, A. V. Long, Judge.

Affirmed.

*Julian C. Calhoun* and *A. H. Odom* for Plaintiff in Error.

*J. N. Blackwell* for Defendant in Error.

ELLIS, J.—This was an action of ejectment by Eliza Carroll against D. E. Porter to recover possession of certain lots in the City of Palatka.

The plaintiff claims title under a deed from Robert Wright dated August 23rd, 1916.

The defendant claimed under a deed from W. C. Foster and wife dated October 23rd, 1919, who claimed under a tax deed dated March 17th, 1919. That deed recited that

the property was sold on July 6th, 1914, for unpaid taxes for the year 1913 as the property of Robert Wright.

The evidence showed that Wright held the legal title to the property during the entire year of 1913 but did not return it for taxation that year. The defendant went into possession of the property soon after he obtained a deed from Foster. A few months afterwards the plaintiff brought her action in ejectment against him.

If the tax deed to Foster was void the defendant acquired no title and could not defend against the plaintiff's title, because they both claimed under a common source. The tax deed purported to divest Robert Wright of his title. The plaintiff claimed under him. If his title was not divested and Foster acquired no title by the tax deed then the defendant acquired no title because the color of title which was in the form of a conveyance from Foster had not ripened into title by adverse possession.

As they both, plaintiff and defendant, claimed under Robert Wright, the plaintiff by a conveyance from him and the defendant's grantor under a tax deed, the plaintiff should recover, as she did, if the tax deed was void. It is true that the evidence does not show that either the plaintiff or any of her predecessors in title had possession of the property and that the defendant is the only person known to have ever had possession. The plaintiff's title however was traced back to a Spanish Grant confirmed by the Board of Land Commissioners at St. Augustine and evidenced by American State Papers, Vol. 3. The evidence of this confirmation of the title consisted of a certified copy of a record in the clerk's office at Palatka of a certificate made in 1857 by the clerk of the Circuit Court for St. John's County that the paper was a correct "abstract of proceedings before the Board of Commissioners

for adjusting Land Claims in Florida, in relation to the claim of Belton A. Copp for 1200 acres of land at Palatka, as contained in the American State Papers, Public Lands Vol. 3 on file in this office.'' An objection was made to the introduction in evidence of this paper which objection was overruled and the order forms the basis of the second assignment of error. This point will be considered later.

In an action of ejectment where both parties claim through a common source of title, errors committed in allowing improper evidence of the title under which all the parties claim are harmless. See Rhodus & Fleming v. Heffernan, 47 Fla. 206, 36 South. Rep. 572; Mansfield v. Johnson, 51 Fla. 239, 40 South. Rep. 196; Investment Co. v. Trueman, 63 Fla. 184, 57 South. Rep. 663; Scott et al. v. Fairlee et al., 81 Fla. 438, 89 South. Rep. 128.

If the tax deed to Foster was void then the defendant's title rested upon naked possession for he had nothing to support his right but the deed from Foster which upon its face purported to convey the land. This was color of title and in the course of time might ripen into title by adverse possession. The defendant therefore might insist, that even if the tax deed was void, the plaintiff should trace her title back to its original source or to some prior grantor in possession.

We think there was no error in holding the tax deed to be void. The land was assessed in Putnam County for revenue for the year 1913 to Robert Wright. It was sold July 1914 for unpaid taxes for the year 1913. A tax deed describing the land was issued to W. C. Foster on March 17th, 1919. In October of the same year without having taken possession of the property he and his wife conveyed to D. E. Porter, defendant, who took possession of the lots about November 1st of that year. The plaintiff's deed from

3—Vol. 84.

Robert Wright was dated August 23rd, 1916. On the 3rd day of February 1912 she entered into a written contract with Robert Wright for the purchase of the property upon which she paid the sum of fifty dollars, the purchase price agreed upon being three hundred and fifty dollars. She agreed to pay all taxes upon the property including the taxes for the year 1912. The contract was signed and sealed by Robert Wright and wife, witnessed by two witnesses and recorded in the public records of Putnam County on February 3rd, 1912. No return of the property was made for taxes for the year 1913 by either Robert Wright or the plaintiff, Carroll.

When the property was assessed for the taxes of 1913, Eliza Carroll held an equitable interest in it, Robert Wright held the legal title. See Dean v. State, 74 Fla. 277, 77 South. Rep. 107.

The assessment was made under chapter 5596 Acts 1907 and as the lots had not been returned for assessment they should have been assessed as "unknown." See Nail et al. v. Browning, 73 Fla. 316, 74 South. Rep. 315. A valid assessment of lands in accordance with the laws regulating assessments is necessary and indispensable to make good the title of a purchaser at a tax sale and the prima facies of the regularity of the proceedings from the valuation of the land to the date of the deed afforded by the latter is overcome by proof of a tax roll showing a void assessment of the land. Nail v. Browning, *Supra.*

Plaintiff in error contends that chapter 5725 Acts 1907 prescribing the rule by which the assessor should have been guided when lands were not returned for assessment by the owner or his legal representative. And he contends that in such case the land should have been assessed as "unknown" only when the owner of the land was un-

known to the assessor. And as the assessment was made in the name of the owner, Robert Wright, it was a valid assessment. But this proposition assumes that Robert Wright was the ''owner'' within the meaning of the statute when the property was assessed, but as a matter of law he held the legal title only and Eliza Carroll, the equitable interest which is the substantial interest.

While an assessment in the name of the owner to whom it was assessed the previous year is permissible when no return has been made if the assessment is made by the clerk of the circuit court under section 26 of chapter 5596 *supra.* See Amos Comptroller v. Jacksonville Realty and Mortgage Company, 77 Fla. 403, 81 South. Rep. 524, the conditions authorizing such an assessment did not exist in this case, nor when the property was assessed to him was he the owner within the meaning of the statute requiring it to be assessed to the owner.

Chapter 5725 was not intended to amend or modify the rule prescribed by chapter 5596, sections 16 and 20 *supra* relating to the assessment of city property, and although the owner of the property may be known to the assessor he should have assessed it as unknown if it was not returned for assessment. The purpose of chapter 5725 was to distinguish for purposes of taxation between the land and the timber growing upon it when the two properties were owned by different persons. There was no error in striking the tax deed from the evidence and the assignment of error based upon that ruling is not sustained.

Recurring to the propriety of admitting in evidence the certified copy of the record of a certified excerpt from the American State Papers. The ruling was technically an error. The printed volume of the American State Papers should have been introduced or excerpts therefrom ad-

mitted by consent or secondary evidence of their contents offered according to rule, but there was no miscarriage of justice caused by such ruling.    See Chapter 6223 Laws 1911.

The American State Papers, containing the reports of the Board of Land Commisioners appointed to ascertain claims and titles to land in the Territory of Florida, are received in evidence without other proof of their authenticity than the published volume.    An examination of Vol. 3 shows that the document admitted in evidence contains a correct excerpt from the reports of the Board of Land Commissioners as contained in the American State Papers. To reverse the judgment upon the ground that a technical error was made in the admission of the paper in evidence, would be in violation of the spirit and letter of chapter 6223 *supra*.    The case of Clark et al. v. Cochran et al., 77 Fla. 98, 80 South. Rep. 745 is not authority for the admission in evidence of a copy of a record when the best evidence is available.

The remaining assignment of error is based upon the court's ruling excluding evidence offered by the defendant as to the permanent improvements made upon the premises. The plaintiff offered the evidence under section 795 Revised General Statutes 1920.    That section applies to cases where recovery of land is sought against a person holding a tax deed therefor.    In the case at bar the defendant claimed under a deed from Porter, not under a tax deed to himself.    The defendant's remedy is secured to him under the provisions of other sections of the Revised General Statutes.

There is no error apparent in the record so the judgment is affirmed.

BROWNE, C. J., and TAYLOR, WHITFIELD and WEST, J. J., concur.