J. W. Tillett, *et ux.,* v. E. M. House

183 So. 827.

Division A.

Opinion Filed. October 12, 1938.

*George L. King*, for Appellants;

*Albert D'Arpa* and *Wm. C. McLean*, for Appellee.

Buford, J—On appeal from order granting motion to strike certain portions of an answer, the controlling question presented for our consideration is:

Where lands were sold in 1926 for the delinquent and unpaid taxes assessed for the year 1925 and the certificate of such sale was issued to the State Treasurer; and the same lands were again assessed for the year 1927 and were sold at the 1928 Tax Sale because of the non-payment of the 1927 tax, and were bought in at the 1928 Sale by an individual who received Tax Sale Certificate, may the owner

defeat the lien of the latter certificate in the hands of the assignee of the purchaser at the Tax Sale by acquiring the 1926 certificate from the State?

Section 16 of Chapter 14572, Acts of 1929, eliminates any doubt as to the necessity of answering this question in the negative.

That Section provides:

"Section 16. (Section 1003-D). All tax sale certificates and deeds now held and owned by the State of Florida, or any person, firm or corporation which are invalid on account of any matter or thing not affecting the authority of the state or any county thereof, to levy and collect the taxes evidenced by such certificates are hereby validated and made legal to the extent of any lien evidenced thereby, in so far as is competent for the Legislature of the State of Florida so to do; provided, however, that this section shall not apply to certificates and or deeds involved in litigation now pending."

This legislative provision was effective to validate the involved certificates and although the Act was later repealed, the repeal did not affect its validating effect upon certificates in the hands of purchasers or assignees at the time of its passage. See Mitchell v. Doggett, 1 Fla. 356.

Section 794 R. G. S., as amended, 1020 C. G. L., in the last paragraph thereof provides:

"Any holder of a tax deed or of a tax certificate shall have a lien thereunder for the amount paid therefor upon the land described therein and such lien may be enforced and foreclosed by suit in equity as provided by law for the enforcement of statutory liens."

The opinion and judgment of this Court in the case of San Sebastian Development Corp. v. Couch, 103 Fla. 692, 138 Sou. 61 and 64, presents ample authority to sustain the chancellor.

The provisions of Chapter 18296, commonly known as the "Murphy Act" have no application to liens for taxes evidenced by tax certificates held by others, than the State of Florida and, therefore, when the owner defendant in the court below acquired the 1926 certificates from the State under the provisions of Chapter 18296, *supra,* the rights of the holder of the 1928 certificates were not hereby affected.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.