### HOLLIDAY v. WADE et al.
### No. 9633.

Circuit Court of Appeals, Fifth Circuit.
Jan. 31, 1941.

Rehearing Denied March 8, 1941.

John H. Carter, of Marianna, Fla., for appellant.

Philip D. Beall, of Pensacola, Fla., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

Corrah H. Holliday, a citizen and resident of Oklahoma, sought in the district court in Florida to foreclose a mortgage for a balance due against certain lots in Panama City, Florida. Under the liberal provisions of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, she also impleaded others who had come into possession of the lots since the mortgage was given and recorded in 1925; especially J. W. Wade and Bulah Wade, the nature of whose claims she set out and prayed a decree declaring them inferior to the mortgage. The Wades answered that they had bought the lots in May, 1938, from Whitehurst, who had bought them in October, 1932, from persons who acquired them from the State of Florida by tax sale in August, 1931; that they and Whitehurst had been in adverse possession for more than seven years before the amendment which impleaded Bulah Wade, and for more than four years since the tax deed was made, and had paid stated sums as taxes and made permanent improvements worth $8,000. On evidence which supported the pleadings, the court gave a money judgment against the original mortgagors for the balance due on the mortgage note, but held that the Wades had good title against the mortgage under the statutes of Florida touching adverse possession; and that the mortgagee was in laches, because of the lapse of thirteen years since the tax defaults and because of the improvements placed on the premises since 1932; and foreclosure of the mortgage was denied. The mortgagee appeals.

■■ The tax deed we assume to be invalid. The court did not rest the decree on its validity, but on the title by adverse possession under it. The appellees argued here in like vein. It may be conceded for the purposes of this case that as against other claimants of the title the Wades are safe by reason of their seven years adverse possession, under Compiled General Laws, § 4653; and because of four years possession under the tax deed, Compiled General Statutes, Sect. 1020. But the limitations on suits made by these statutes apply to those "founded upon the title to real property" (Sect. 4653) and "suit for the recov-

ery of the possession" (Sect. 1020). In Florida a mortgage conveys no title, but is only a lien. Compiled General Laws, Sect. 5725. The mortgagee has neither title nor a right to possession. Hemphill v. Nelson, 95 Fla. 498, 116 So. 498. A suit to foreclose it is not one founded on title, nor for possession. Georgia Casualty Co. v. O'Donnell, 109 Fla. 290, 147 So. 267. The mortgagee cannot sue for possession, and it is no concern of his whom the mortgagor may admit to possession or who may seize it and thereby acquire as against the mortgagor the right to keep it. The mortgage, being properly recorded, stands good until barred by the twenty year statute. This was expressly held touching the statute of limitation by seven years adverse possession in Coe v. Finlayson, 41 Fla. 169, 26 So. 704, and the reasoning applies equally to the four years statute. A valid tax title would, we suppose, have defeated the mortgage lien, but not so the title by limitation set up by the Wades.

Nor does laches defeat the foreclosure. The limitation period applicable to mortgage foreclosure has not expired. It appears that the mortgagor continued to pay upon the mortgage. It does not appear that the mortgagee knew of the tax default, or the possession by Whitehurst and the Wades and the improvements they were making, or that she did or said anything that ought to estop her from asserting her mortgage. She is really asserting in equity a legal lien, and not a mere equitable claim. Equity will generally apply to legal claims the legal limitation.

But we think the Wades are entitled to be protected touching the taxes paid and the improvements made by them and their grantors under Compiled General Laws, Sect. 1026: "If in any suit at law or in equity involving the validity of any tax deed it shall be held by the court that said tax deed was invalid at the time of its issuance and that title to the land therein described did not vest in the tax deed holder * * * the party in whose favor the judgment or decree in such suit shall be entered, shall pay to the party against whom such judgment or decree shall be entered the amount paid for such tax deed and all taxes paid upon said land [with interest as stated] * * * also the fair cash value of all permanent improvements made upon said land by the holder during the life of said tax deed. * * *" Though this suit is not based on title or to recover possession, but one to enforce a lien, it is within the broad provision quoted. The benefit of the statute extends not only to the first holder under the tax deed, but also to those who hold by conveyance from him. The same words "holder of a tax deed" are used in Section 1020, and were construed to include the grantees of the first holder in Day v. Benesh, 104 Fla. 58, 139 So. 448, 452. Of the contrary holding under the predecessor of Section 1026 made in Porter v. Carroll, 84 Fla. 62, 92 So. 809, the court said: "The 1927 statute, however, has modified this", and refused to follow it, citing San Sebastian Development Corp. v. Couch, 103 Fla. 692, 138 So. 61, 64. In the last cited case the 1927 statute which produced the present Section 1026 was before the court on another point, in discussing which it was said: "The original statute, which now constitutes section 1026, Comp.Gen.Laws 1927, supra, has been amended several times by the Legislature to meet and avoid the objections which had been found in the decisions of this court with regard to the effectiveness of the statute to accomplish the purpose which was intended to be accomplished. For example, in Porter v. Carroll, 84 Fla. 62, 92 So. 809, it was held that said section did not apply in a case where the defendant in an ejectment suit claimed under a deed from one who purchased at a tax sale pursuant to which an invalid tax deed had been issued. In consequence of this decision, the 1927 amendment expressly made the statute apply to any case where a tax deed has been declared invalid in an action at law as well as in equity." We think enough discontent with the decision in Porter v. Carroll has been expressed to render it no longer a binding authority. The present case cannot be brought before the Supreme Court of Florida to enable it to make a new declaration of the State law. It was not contemplated by the Constitution in establishing the federal judicial power over controversies between citizens of different States, nor by the statute making the laws of the States the rule of decision in cases to which they apply, that litigants in the federal courts should be at a disadvantage in ascertaining the true law of the State. This court, as the appellate tribunal for this case, must assume the duty the Supreme Court of Florida would have if the case were before it, to state the proper interpretation of the amended statute which has introduced the words "tax deed holder."

We join with the Florida court in their view expressed in Day v. Benesh [104 Fla. 58, 139 So. 453]: "There is no reason why the rights accruing to a tax deed holder should not accrue to his grantees who establish possession for the statutory period of four years," whether under Section 1020 or Section 1026.

 Although the mortgage was made in 1925, the tax deed sought to be invalidated was made in 1931. The law as it stood in 1931 fixes the terms on which it may be invalidated rather than that existing at the time the mortgage was given. The statute as amended in 1927 is effective here.

Alternative relief under Section 1026 was expressly prayed for in the original answer. The first amendment was by substitution of a part, but the prayers were not changed. The other amendments were expressly by way of addition, and while they added other prayers they did not withdraw the original ones. This relief was not intended to be abandoned for it is vigorously argued by appellees. We hold that it is still in the case.

The decree is set aside and the cause remanded for further proceedings not inconsistent with this opinion.