PEARSON, Chief Judge.
The Clerk of the Circuit Court for Dade County appeals from a final judgment in mandamus. The appellee was the relator; the appellant was the respondent. The final judgment ordered the appellant to process the appellee’s application for a tax deed. The controversy arises out of that portion of the final judgment which requires the clerk to include in the processing of appellee’s application a tax sale certificate which the clerk says does not encumber the land for which the appellee seeks a tax deed.
For the sake of clarity we set out the language of the judgment. Appellant is directed to:
“* * * process Petitioner’s application for Tax Deed as the holder of Tax Sale Certificate No. 1957, issued from the City of Miami, Florida, Tax Sale of 1966, for unpaid City of Miami, Florida, taxes for 1965, upon the real property described as follows:
Lot 14, less St., Block 10, MIAMI SOUTH, per Plat Book ‘B’ at Page 41, Public Records of Dade County, Florida,
and also as the holder of Certificate No. 1840 issued from the City of Miami, Florida, Tax Sale of 1961, for unpaid City of Miami, Florida taxes for 1960, on the same property, which said Certificates have heretofore been filed and surrendered to the Respondent, and that the Respondent advertise the property described in Petitioner’s application for Tax Deed for sale, and sell said property according to law, unless said Certificates held by Petitioner are redeemed. * * * »
Appellee, Atlantic Municipal Corporation, filed its petition setting forth that it was the holder of tax sale certificate no. 1957 issued by the City of Miami, Florida, for *27 1965 taxes. The description on the certificate is:
“Lot 14 LESS ST. BLOCK 10
MIAMI SOUTH
Plat Book B Page 41.”
In addition appellee alleged that it was also the holder of tax sale certificate no. 1840 issued by the City of Miami for 1960 taxes. The description on that certificate is:
“MIAMI SOUTH
PLAT BOOK B PAGE 41
A one/ten thousandth portion, taken as a square as near as may be, in the southeast corner of Lot 14 Block 10.”
The controversy began when the owner of the title to Lot 14 Block 10 deposited sufficient money to redeem the first mentioned certificate but declined to redeem the second certificate. Between the time of the issuance of the certificate for 1960 and the certificate for 1965 taxes, a portion of the lot was taken over and made a public street. The portion of the lot taken by public authority includes the portion of the lot described in the certificate for 1960 taxes as “A one/ten thousandth portion taken as a square as near as may be, in the southeast corner of Lot 14 Block 10.”
The clerk, as appellant, contends that although the original assessment for 1960 taxes was a lien upon the lot in its entirety, the full amount of the assessment was bid in consideration of the issuance of tax certificate no. 1840, and that certificate is a lien upon only a one-ten thousandth portion of the lot, taken as a square as near as may be, in the southeast corner of the lot. The appellant further argues that it is the tax certificate and the description contained therein which becomes the evidence of the lien, not the original assessment roll. He relies upon Ridge-way v. Reese, 100 Fla. 1034, 131 So. 136 (1930), and Tillett v. House, 134 Fla. 239, 183 So. 827 (1938).
The appellee urges that the trial court found that both tax certificates are liens on the same lot. Thus appellee would interpret the lien of the certificate for the 1960 taxes which describes the land as “a one/ten thousandth portion” as a lien on the entire lot. This position is not unreasonable because the tax certificate was issued upon payment of the tax on the entire lot.
The outcome of this appeal is controlled by the following statute (§ 974, Compiled General Laws of Florida [1927]), which was in effect[1] when certificate no. 1957 was issued by the City of Miami:
“To whom land struck off; land sold to be taken from southeast corner. — The land shall be struck off to the person who will pay the tax, costs and charges for the least portion of the land, and the portion thereof sold shall be taken from the southeast corner of such parcel and described in a square form as near as may be. (Ch. 4322, Acts 1895, § 52; Ch. 5596, Acts 1907, § 55.)”
We conclude from this language that the lien of a tax certificate was meant to attach only to “the least portion of the land” because that was the least security a bidder would accept for repayment of delinquent taxes. The obvious purpose of this system was to preserve free of encumbrance as much as possible of the owner’s land. We therefore hold that when the 1960 tax certificate was given in exchange for payment of the 1960 taxes the tax lien on the entire property was dissolved and replaced by a tax certificate lien on a one/ten thousandth portion in the southeast corner of the lot. It is clear that this portion is not a part of the land described in the certificate for 1965 taxes, which reads: “Lot 14 LESS ST. Block 10 *28 MIAMI SOUTH Plat Book B Page 41” (emphasis added). The clerk was therefore correct in maintaining that the certificates did not cover the same land.
This being true, and the owner of the title having deposited money to redeem the certificate for unpaid City of Miami taxes for 1965, the trial judge should not have entered the final judgment in mandamus.
The judgment is reversed and the cause remanded with directions to dismiss the petition at the cost of the petitioner-ap-pellee.
Reversed.

. See 2 Boyer, Florida Real Estate Transactions, § 31.20, page 921 (1968), for the reason why City of Miami tax certificates were issued in accordance with this statute prior to 1961.