[L. A. No. 7747. In Bank.—December 5, 1923.]

## THE PEOPLE etc., Appellant, v. THE CITY OF MONTEBELLO et al., Respondents.

[1] MUNICIPAL CORPORATION ACT—PUBLICATION OF NOTICE—SUFFICIENCY OF.—A published notice of the time of presentation to a board of supervisors of a petition for the incorporation of a city of the sixth class under the Municipal Corporation Act of 1883 (Stats. 1883, p. 93), which shows that "Notice is hereby given by the undersigned that the following petition will be presented to the board of supervisors," and that following this is printed the petition, beginning with the words, "We the undersigned petitioners, respectfully represent . . . ," and that at the end of the petition appear the signatures of the petitioners, is sufficient, although the published notice itself is not separately signed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Stanley Murray, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Woodruff & Shoemaker, Lawler & Degnan, Paul M. Gregg, Paul Vallee, Edward T. Bishop, County Counsel, and J. H. O'Connor, Assistant County Counsel, for Appellant.

Delphin M. Delmas, Frederick Baker, City Attorney, Thomas A. Berkebile, Britt, Hunsaker, Britt & Cosgrove and Robert B. Murphey for Respondents.

KERRIGAN, J.—This is an action of *quo warranto* commenced in the superior court of Los Angeles County by the attorney-general upon the relation of Walter P. Temple, to determine the validity of the proceeding leading to the incorporation of the city of Montebello as a city of the sixth class, under the Municipal Corporation Act of 1883 (Stats. 1883, p. 93). After decision rendered in favor of defendants, judgment was entered that plaintiff "take nothing by this action." From this judgment plaintiff appeals.

The plaintiff contends that the incorporation order is illegal and void, basing its contention upon the single ground that the published notice of the hearing of the petition for

the incorporation not being signed, was legally insufficient to vest the board of supervisors with jurisdiction to hear the petition. The defendants' position is, (1) that the published notice shows on its face that it was given by the petitioners, and fully complies with the Municipal Corporation Act, *supra;* (2) that the proceeding for the incorporation of a city of the sixth class is a legislative act, therefore the jurisdiction of the board of supervisors is not open to attack in a *quo warranto* action.

Section 2 of the Municipal Corporation Act, *supra,* as amended, provided that the incorporation proceedings shall be initiated in the following manner:

"A petition shall first be presented to the board of supervisors of such county, signed by at least fifty of the qualified electors of the county, residents within the limits of such proposed corporation, and the affidavit of three qualified electors residing within the proposed limits, filed with the petition, shall be *prima facie* evidence of the requisite number of signers. The petition shall set forth and particularly describe the proposed boundaries of such corporation, and state the number of inhabitants therein, as nearly as may be, and shall pray that the same may be incorporated under the provisions of this Act. Such petition shall be presented at a regular meeting of such board, and shall be published for at least two weeks before the time at which the same is to be presented, in some newspaper printed and published in such county, together with a notice stating the time of the meeting at which the same will be presented. . . . " (Stats. 1889, p. 371.)

Plaintiff alleges in its complaint that late in August and early in September, 1920, there was published in the "Montebello News," a newspaper of general circulation in the county of Los Angeles, the following notice:

"Notice.

"Incorporation of the 'City of Montebello' as a City of the Sixth Class.

"Notice is hereby given by the undersigned that the following petition will be presented to the board of supervisors. . . . "

There was also published, together with and following said notice, a petition in the following terms:

"Petition for the Incorporation of the Proposed 'City of Montebello.'

"To the Honorable Board of Supervisors of the County of Los Angeles, State of California.

"We, the undersigned petitioners, respectfully represent that we are qualified electors of the county of Los Angeles, state of California, and reside within the limits of the hereinafter proposed municipal corporation. . . . " (Here follows the names of said petitioners.)

On the day designated in the notice the petition was presented to the board. Thereupon, and after an election had been held, in which 401 out of the 473 electors of Montebello had voted in favor of incorporation, such proceedings were had, that, on the 11th of October following, by an order entered upon its minutes, the board declared said territory to be a municipal corporation of the sixth class, under the name of Montebello. A certified copy of this order was filed in the office of the Secretary of State; and from that time on the city of Montebello has exercised all the functions of a municipal corporation.

[1] We are of the opinion that the published notice was sufficient, and that consequently the record shows a compliance with the statute. To sustain its contention that the notice was insufficient the plaintiff relies chiefly upon the case of *In re Central Irr. Dist.*, 117 Cal. 382 [49 Pac. 354], in which this court held that the notice therein published did not comply with section 2 of the Wright Act (Stats. 1887, p. 29), providing for the organization of irrigation districts. This statute, so far as the question of notice is concerned, is identical in wording with the Municipal Corporation Act of 1883, *supra*. In *In re Central Irr. Dist.*, *supra*, the court, in commenting upon the notice, said: "It was shown that there were published for two weeks in the Weekly Colusa Sun, the petition, with the names of the signers thereto, and immediately below this the following: 'The foregoing petition will be presented to the honorable board of supervisors of Colusa county on Monday, October 10, 1887, at 10 o'clock a. m. of that day.' The notice was unsigned. It did not bear upon its face any showing of authority. It did not appear from it that it was given by the petitioners, who alone could issue the process. Indeed, from

all that is shown, the so-called notice may have been but the declaration of the editor of the newspaper, and the publication of the so-called notice may have been but the statement in the paper of a bit of news. It is essential to the validity of a notice that it shall bear upon its face evidence that it has been given by the person authorized so to do, and this evidence is shown by the signature of the officer or other person charged with the duty." It is clear from this quotation that the court did not intend to lay down a hard-and-fast rule that the published notice must in all cases be signed. To the contrary, it was simply a decision that the notice published must bear upon its face the signatures of the petitioners or show that it was issued by them or given under their authority.

In the present case the notice comes first (while in *In re Central Irr. Dist., supra,* it came last) and reads: "Notice is hereby given by the undersigned. . . . " Following this is printed the petition, beginning with the words, "We, the undersigned petitioners, respectfully represent . . . , " and at the end of the publication appear the signatures of the petitioners. Surely, this notice could mislead no one. It gave full and detailed information in regard to the time and place at which the petition would be presented to the board of supervisors. No one could believe that the newspaper was publishing this formal document, separated from the rest of the contents of the newspaper by a heavy black line, and covering over ten pages of the printed manuscript, as a bit of news. In brief, as this notice showed upon its face that it was given by the petitioners, the only persons authorized to give such notice, it was sufficient to warn all persons who might desire so to do, to present their objections at the time and place named, why the petition should not be granted. And, as was said by this court in *Imperial Water Co.* v. *Supervisors,* 162 Cal. 14 (at page 24) [120 Pac. 780, 785]: "We know of no authority to the effect that a signature to the published notice is a necessary part of such process, where the only notice given or required is a publication in a newspaper. The substantial thing is that such notice shall be given as, under the circumstances, would have a reasonable tendency to apprise the parties interested of the nature of the proceeding and the time and place of the hearing . . . "

In *Ahern* v. *Board of Directors*, 39 Colo. 409 [89 Pac. 963], it was held that a notice similar to the one here in question did not conform to the Colorado statute, which is identical with the Municipal Corporation Act, *supra.* The court in that case cited *In re Central Irr. Dist., supra,* as decisive of the point involved, but we are of the opinion that the present case, as well as *Ahern* v. *Board of Directors, supra,* can be distinguished from the case of *In re Central Irr. Dist.* in the manner in which we have already pointed out. For this reason we do not feel constrained to adopt the conclusion reached in *Ahern* v. *Board of Directors, supra.* Furthermore, in the case of *Tulare Irr. Dist.* v. *Shepard,* 185 U. S. 1 [46 L. Ed. 773, 22 Sup. Ct. Rep. 531, see, also, Rose's U. S. Notes], the supreme court of the United States apparently disapproves of the suggestion made by counsel that the published notice should be signed, and by way of *dictum* intimates that the decision of this court in *In re Central Irr. Dist., supra,* should be limited to a notice similar to the one before the court in that case.

We have taken some pains to distinguish the present case from *In re Central Irr. Dist., supra,* but we are of the opinion that a later case, *Fogg* v. *Perris Irr. Dist.,* 154 Cal. 209 [97 Pac. 316], is decisive of the identical point here raised. In that case, as here, the publication showed a notice essentially like the one published herein, immediately followed, as is the one here, by the petition. The only signatures appearing in the publication were, as here, those appearing under the petition. The notice was not—as here it is not—separately signed. It was there claimed that the notice and the petition were distinct instruments, each of which must be separately signed, and that one single set of signatures could not perform the twofold function of attesting both. It appeared, from an examination of the original on file, that the petition and notice were both contained in a single document, hence it was argued that this document was either a notice or a petition, but could not be both. But the court rejected this argument, as it could see no legal objection to this method of embodying the notice and the petition in one document and using it for each purpose successively. The court, in holding that this document, when published, was a sufficient notice, even though the only signatures appearing upon the face of the publication were those following the

petition, said: "The only notice required is a notice to be published in a newspaper." So far as the question of the notice in that case is concerned, it was immaterial that the published document was circulated among the petitioners. That fact did not appear upon the face of the published notice. Interested parties reading this notice in the paper would receive no more information as to its authenticity than they would receive from the notice published in the present case. Further, there is a factor in the published notice here involved not appearing in the case of *Fogg* v. *Perris Irr. Dist., supra,* which makes this a much stronger case upon its facts. The notice, as published in the Fogg case, read: "Notice is hereby given that . . . , " and left it to be inferred that it was given by the petitioners; while the notice here expressly states that it is "given by the undersigned," and at the end of the publication appear the signatures of the petitioners.

Under the view which we take of this case it is unnecessary to discuss any other points raised in the briefs.

For the reasons which we have above indicated, the judgment of the superior court of Los Angeles County, declaring the city of Montebello to be a *de jure* and a *de facto* municipal corporation, should be, and it is hereby, affirmed.

Wilbur, C. J., Myers, J., Seawell, J., Lawlor, J., and Lennon, J., concurred.