[Civ. No. 4429. Third Appellate District.—November 19, 1931.]

MILLER & LUX INCORPORATED (a Corporation), Appellant, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF MADERA et al., Respondents.

J. E. Woolley and Vincent J. McGovern for Appellant.

Athearn, Chandler & Farmer, Frank R. Devlin, Stephen W. Downey, Mason A. Bailey and Milton T. Farmer for Respondents.

PLUMMER, J.—The respondents had judgment in an action wherein the appellant petitioned the Superior Court

of the County of Madera for a writ of review for the purpose of inquiring into the validity of an order of the Board of Supervisors relative to the establishment and organization of the Madera Irrigation District. The petition sets forth, among other things, that the appellant is the owner of certain lands in the county of Madera lying within the exterior boundaries of the Madera Irrigation District, and was such owner at all times herein mentioned; that on the third day of November, 1919, A. M. Acton and others presented to the Board of Supervisors of the County of Madera a petition for the formation of an irrigation district to be known as the Madera Irrigation District. The petition was drawn pursuant to the act of March 31, 1897, and the amendments thereto; 310,000 acres of land are included within the boundaries of the district.

The petition alleges that on the third day of November, 1919, the Board of Supervisors continued the hearing of the petition until the seventeenth day of November, 1919, on which date the petition came on for hearing, and thereupon the Board of Supervisors passed and adopted a resolution by which it found and determined that all the requirements of the act regarding the organization of said proposed district had been fully complied with; that the petition for the organization of the district was published for at least two weeks before the time at which the same was presented, together with a notice of the time and place at which the petition would be presented; that the same were published and printed in the "Madera Weekly Tribune". The petition then sets forth that there was no evidence introduced or presented to the Board of Supervisors of said county showing or purporting to show that the petition presented by A. M. Acton and others had been published as set forth in said resolution, or otherwise, and also that no evidence was introduced or presented to the Board of Supervisors showing or purporting to show that prior to the presentation of said petition any notice of such presentation or of the time set forth had been published for at least two weeks before such time, etc.

Upon this appeal only one question is presented, to wit: Was sufficient evidence presented to the Board of Supervisors that notice of the time and place of the presen-

tation of the petition for the formation of the Madera Irrigation District had been published as required by law?

Section 2 of the California Irrigation District laws (Stats. 1917, p. 752, § 2), among other things, contains the following: "Said petition shall be presented at a regular meeting of said Board and shall be published for at least two weeks before the time at which the same is to be presented, in some newspaper of general circulation printed and published in the County where said petition is presented, *together* with a notice stating the time of the meeting at which the same will be presented, etc. . . . When said petition is presented, said Board of Supervisors shall hear the same and shall proceed to determine whether or not said petition complies with the requirements hereinbefore set forth, and whether or not the notice required herein has been published as required, and must hear all competent and relevant testimony offered in support of, or in opposition thereto."

It will be observed that while the section provides that the petition for the formation of the district shall be published for at least two weeks before the time of its presentation, together with a notice stating the time and place of the meeting when and where it will be presented, there is no provision in the section requiring the Board of Supervisors to ascertain and determine that the petition has been published for two weeks, but only that it shall determine "whether or not the notice herein has been published as required". The section, however, does require that the petition to be presented shall be published *together* with the notice, etc. A careful reading of the section also discloses that it fails to point out the procedure to be taken by the Board of Supervisors in ascertaining and determining whether the notice of the time and place of the presentation of the petition has been published as required by law. Section 2010 of the Code of Civil Procedure being general in its terms, would supply this defect, as it points out a manner in which such proof may be made, although there is nothing in section 2 of the irrigation district laws which would make the method provided for in the Code of Civil Procedure exclusive. However, in the instant case the record does not disclose any evidence or testimony upon which

the Board of Supervisors acted, other than an affidavit to which we will presently refer.

As a part of the record upon appeal in this cause a photostatic copy of the petition for the organization of the Madera Irrigation District, together with a notice of the time and place for the hearing thereof, was presented in support of the regularity and sufficiency of the evidence showing publication of notice as required by law, the original of the photostatic copy having been presented to the Board of Supervisors and also to the trial court, as exhibit "A" in this action. By this photostatic copy it appears that the petition, together with the notice, was printed and published as one document, and presented to the Board of Supervisors for their consideration, as one document. The petition and the notice are printed together, the notice following the petition without any separation or distinguishing marks or anything which would indicate that the Board of Supervisors should or could consider the document as other than a petition for the organization of the district, together with a notice of the time and place of the hearing thereof, combining in one document both petition and notice.

The contention of the appellant in this action is based upon the fact that in a blank space in the affidavit made by the publisher of the "Madera Weekly Tribune", the newspaper in which the petition, together with the notice, was published, did not contain the word "notice". The affidavit, after setting forth the fact that the affiant possessed the necessary qualifications to make the affidavit, reads as follows: "That at all times said newspaper has been established, printed and published in said town of Madera, in said County and State, at regular intervals for more than one year preceding the first publication of the notice herein mentioned; that the petition for organization of the Madera Irrigation District, of which the annexed is a printed copy, was printed and published in said newspaper at least two weeks commencing on the 16th day of October, 1919, and ending on the 30th day of October, 1919, both days inclusive, and as often during said time as said newspaper was regularly issued—October 16, 23 & 30, 1919." This contention, however, overlooks the fact that the Board of Supervisors had before it the "annexed printed copy" which contained the notice. The provisions of section 2, *supra*,

direct that the petition shall be published *together* with the notice. The "annexed copy" was the instrument published in the "Madera Weekly Tribune", and constituted the facts upon which the Board of Supervisors of Madera County was authorized to ascertain and determine that the petition had not only been published for two weeks, but that it was published *together* with the notice for two weeks preceding the date set for the presentation of the petition. The "annexed copy" which affiant swore that he had published, in and of itself constituted evidence upon which we think the Board of Supervisors was authorized to adopt and pass a resolution finding the facts at it did in this instance.

Both appellants and respondents have called our attention to the case of the *Imperial Water Co.* v. *Supervisors*, 162 Cal. 14 [120 Pac. 780], and to the language of the opinion relating to the publication of the notice and petition involved therein, which reads as follows: "The proof of the publication of the notice and petition was made by the affidavit of the publisher of the newspaper in which it was made. This was competent and sufficient evidence thereof." (Citing Code Civ. Proc., sec. 2010.) On behalf of the appellant it is contended that the sufficiency of the affidavit of publication involved in that proceeding was not presented to the court for consideration, no contention being made in that case relative to its sufficiency. However, as a photostatic copy of the affidavit, petition, etc., for the formation of the Imperial Water District, is made a part of the record, and brought here for our consideration, the original being introduced in the trial court as exhibit "B", we will quote therefrom the following: "That I am the manager of the Imperial Valley Press, a newspaper of general circulation printed and published in said County and State, and as such manager, have charge of all advertisements in said newspaper; that the notice of petition for Irrigation District, of which the annexed is a true copy, was published," etc. The "annexed" and "true copy" in that case presented to the board of supervisors of Imperial County was the petition for the organization of the district, together with the notice of the time and place of the presentation thereof. It may be, as urged by appellant, that the language found in the opinion of the Supreme Court, with reference to the proof of publication of the notice, has no place therein, but it is

almost inconceivable that the Supreme Court read the affidavit or the portion thereof which we have quoted involved in the Imperial Water District case without giving some thought as to its sufficiency by reason of the fact that the annexed copy of what was published showed that publication had been had as required by section 2 of the irrigation district laws.

No contention is made that the notice published in the instant case was not sufficient in and of itself; all that is presented, as we have stated, is that sufficient proof of notice was not presented to the Board of Supervisors.

In the case of *In re Central Irr. Dist.*, 117 Cal. 382 [49 Pac. 354], the sufficiency of the notice was involved. As the law then read, the notice required signatures as well as the petition. The notice in the present case was signed by three of the petitioners. Our attention is called to the following language used by the court in deciding the Central Irrigation District case, to wit: "Such petition shall be presented at a regular meeting, etc., and shall be published for at least two weeks before the time at which the same is to be presented, in some newspaper printed and published in the county where said petition is presented, together with a notice stating the time of the meeting at which the same will be presented." The opinion then holds that the notice is the process by which the property owners to be affected are notified and given an opportunity to present their objections, if any, to the Board of Supervisors. It was then held that as the notice was defective in and of itself, in that it did not comply with the law as it then read, the Board of Supervisors of the county in which the proposed district was located never acquired jurisdiction to hear the petition. We find nothing in that case which can be considered as an authority supporting appellant's contention that the Board of Supervisors of Madera County never acquired jurisdiction to hear the petition for the organization of the Madera Irrigation District. This proceeding was before the Supreme Court upon a demurrer to the appellant's petition, and the opinion deciding the demurrer appears in 189 Cal. 254 [208 Pac. 304]. The opinion holds that there must be some proof showing the publication of the notice of the presentation of the petition, but it does not hold that the proof presented to the Board of Supervisors was insufficient,

as appears from the following excerpts taken therefrom: "Upon the allegations of the petition a writ of review should have been issued, and if it appear from the return, as alleged, that no showing whatever was made before the Board of Supervisors in support of the petition, the order of the Board of Supervisors in question should have been annulled." Again, as to what evidence is sufficient, was not decided, as shown by the following excerpt: "However, in the case of *Wolfskill* v. *City Council of Los Angeles*, 178 Cal. 610 [174 Pac. 45], this court declined to follow the case of *Stumpf* v. *Board of Supervisors* (131 Cal. 364 [82 Am. St. Rep. 350, 63 Pac. 663]), *supra*, in so far as it held that the only evidence which a board could consider upon such a hearing was evidence which would be acceptable in court. The case still stands, however, as authority for the proposition that there must be some sort of evidence or proof not only as to the allegations of the petition, but also as to the sufficiency of the signatures thereto. The petition in this case alleges that no such evidence was received." While a number of cases are cited in the opinion just referred to showing that the record upon which the Board of Supervisors acted must contain all that is necessary to give jurisdiction, the *quantum* of proof is not even considered. In other words, if there is proof of the publication of the petition and notice reasonably sufficient to satisfy the Board of Supervisors, then and in that case the conclusion of the Board of Supervisors will not be disturbed because additional proof or more satisfactory proof might have been presented. Or just as said in *Wolfskill* v. *City Council of Los Angeles*, *supra:* "We are of the opinion that the trend of both recent legislation and decision has been toward a relaxation of this rigid rule in respect to the procedure before official bodies chiefly political in their character and powers and only occasionally exercising judicial functions, with a view to upholding the action of such bodies which, though informal in some respects, is taken with a view to advancing the public interest and welfare of the community within the limited range of their jurisdiction. The instant case would seem to furnish an apt illustration of the class of tribunals and of cases to which the more modern and relaxed rule should be applied."

In *Fogg* v. *Perris Irr. Dist.*, 154 Cal. 209 [97 Pac. 316], the court expressly held that there could be no objection to embodying the notice and the petition in one document and publishing them as one. To the same effect is the case of *People* v. *City of Montebello*, 192 Cal. 489 [221 Pac. 207].

Being of the opinion that the evidence presented to the Board of Supervisors of Madera County that the petition for the formation of the Madera Irrigation District, *together* with the notice of the time and place of presenting the petition had been published as required by law, was sufficient to justify the Board of Supervisors in finding both the fact of the publication of the petition and the publication of the notice, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

Preston, P. J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 19, 1931, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 18, 1932.