[No. 14809.  Department One. — September 17, 1892.]

## N. A. DORN, RESPONDENT, v. J. C. BAKER ET AL., APPELLANTS.

SCHOOL LAND — TAX DEED — ASSESSMENT UPON CERTIFICATE OF PURCHASE — EQUITABLE TITLE. — A tax deed to school land sold for delinquent taxes assessed to the holder of a certificate of purchase therefor passes only the equitable title of the applicant.

ID. — PATENT TO ASSIGNEE OF CERTIFICATE — EJECTMENT — PLEADING. — Where the holder of a tax title to school land for which a certificate of purchase has been issued has not perfected his equitable title by paying the balance of the purchase-money due the state, with interest, an assignee of the applicant for purchase, who afterwards makes such payment and obtains a patent for the land, acquires the legal title thereto, which will prevail against the equitable title of the holder of the tax title in an action of ejectment by the patentee, if no equitable defense is pleaded by the holder of the tax title.

ID. — STATUTE OF LIMITATIONS. — The statute of limitations does not commence to run in favor of the holder of a tax title in possession of state school land, as against the holder of a patent issued to an assignee of the certificate of purchase therefor, until the issuance of the patent to the assignee.

EJECTMENT — EFFECT OF LEGAL TITLE — EQUITABLE DEFENSE — PLEADING. — In an action of ejectment, the legal title will always prevail against an equitable one, if no equitable defense is pleaded.

PLEADING — AMENDMENT TO ANSWER — DISCRETION. — An application for permission to file an amended answer is addressed to the discretion of the trial court; and where the amendment states no defense that could not be made under the original answer, it is not error for the court to permit the answer to be so amended.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion.

*Venable & Goodchild,* and *Graves & Graves,* for Appellants.

*F. A. Dorn,* for Respondent.

Belcher, C. — This is an action of ejectment, to recover possession of the east half of a certain thirty-sixth section of land in San Luis Obispo County, and the complaint is in the ordinary form. The answer of defendants simply denies the averments of the complaint, and alleges that the cause of action is barred by the statute of limitations.

At the trial, the plaintiff introduced in evidence a patent from the state of California, dated March 21, 1891, granting to him the demanded premises. The defendants then admitted that they were, and had been since January 1, 1891, in possession of said land. And the plaintiff admitted that prior to the year 1880, one Alois Schneider applied to the state of California to purchase the said land, and paid to the state twenty per cent of the purchase price and interest, and received a school-land certificate of purchase therefor; that Schneider died in the year 1887, and thereafter, in the year 1890, plaintiff succeeded to his rights in and to the said land, under and through a deed executed by the administrator of his estate, after due and regular proceedings in the matter of his estate, and pursuant to an order of the court, duly made, confirming the sale to plaintiff and directing the execution of the deed. And plaintiff testified that at the time he purchased the land there was due the state, on the certificate of purchase therefor, about six hundred dollars, which he paid to the state, and then, as the assignee of the certificate, received the patent introduced by him in evidence, and that he had no title to the land other than the one thus acquired.

The defendants then offered in evidence a tax collector's deed of the land, which was executed to defendant Baker on March 12, and recorded on April 6, 1886, and which recited, among other things, that the land was

assessed to Alois Schneider for the fiscal year ending June 30, 1885, and the state and county taxes due thereon not being paid, was sold to Baker on March 6, 1885, for the sum of $9.13, the full amount of the taxes, costs, and charges.

The plaintiff objected to the deed being received in evidence, upon the ground that it was immaterial and was not pleaded. The court overruled the objection, and thereupon the case was submitted.

On the next day, and before the case was decided, the defendants presented to the court, and asked leave to file, an amended answer, in which, in addition to the denials and averments of their original answer, they set out a copy of the said tax deed, and alleged that defendant Baker was the owner of said property and in possession thereof, and had been such owner and in possession since the sixth day of March, 1885.

The plaintiff objected to the filing of the amended answer, upon the grounds " that said amendments were offered too late and not at the proper time, and that they should have been offered at the time of the trial; that the amendments, as offered, do not constitute a defense; that no notice has been given to the plaintiff or his attorney of the proposed amendments, and the same, or a copy thereof, had not been served on the plaintiff or his attorney."

The court sustained the objection, and the defendants excepted to the ruling.

Thereafter, the court found the facts, and rendered judgment in favor of the plaintiff; from which, and from an order denying a new trial, defendants have appealed.

In support of the appeal, it is now claimed that the evidence did not justify the finding that the plaintiff was the owner and entitled to the possession of the land, or the finding that the entry of defendants was without right or title. And it is urged that, under the pleadings, defendants had a right to introduce any evidence which might show, or tend to show, that plaintiff had no right of entry when the action was commenced, and that the

evidence introduced did show that Baker, by his tax deed, acquired all the interest of Schneider in the land and in the certificate of purchase, which, by section 3514 of the Political Code was made *prima facie* evidence of title, and hence that under the rule declared in *Clark* v. *Baker*, 14 Cal. 612, 76 Am. Dec. 449, and other cases, and in section 1106 of the Civil Code, the patent issued to plaintiff inured to Baker's benefit, and fed his title.

We do not think the rule invoked applicable to the facts of this case. At most, the tax deed conveyed to Baker only such interest in the land as Schneider then had. That interest was an equitable title which could only be perfected by paying up the balance of the purchase-money, with the interest due thereon, and other charges, and obtaining the legal title from the state. Neither Schneider nor Baker ever made or offered to make these payments, but the plaintiff made them for and on his own behalf. When, therefore, he obtained the patent, the legal title vested in him, and the most that can be claimed is, that Baker has a right, which a court of equity would enforce, to have that title transferred to him, upon his doing equity and paying back to plaintiff all the money he has paid, and interest thereon.

But in an action of ejectment, the legal title will always prevail against an equitable one, if no equitable defense is pleaded. (*Hartley* v. *Brown*, 51 Cal. 465; *Kentfield* v. *Hayes*, 57 Cal. 409.) Here no equitable defense was pleaded, either in the original or amended answer, and the court therefore rightly gave judgment for the plaintiff.

There was no error in refusing to permit the amended answer to be filed. The application was addressed to the discretion of the court, and the paper offered stated no defense that could not be made under the original answer.

The statute of limitations did not begin to run until the patent was issued, and there can be no pretense,

therefore, that the cause of action was barred. (*Manly v. Howlett*, 55 Cal. 94.)

We advise that the judgment and order be affirmed.

VANCLIEF, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

PATERSON, J., McFARLAND, J., GAROUTTE, J.