MEYERINK v. BARTON.

S. F. No. 1671; October 24, 1900.

62 Pac. 505.

**Appeal—Verdict on Conflicting Evidence.—**Where the jury found for plaintiff, on conflicting evidence, and much of the evidence raising the conflict was in the shape of ex parte affidavits and depositions, made by citizens of a foreign country, the rule that a verdict on conflicting evidence will not be disturbed on appeal controls.

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Action by J. O. Meyerink against Benjamin F. Barton. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

T. C. Judkins and H. N. Clement for appellant; Chas. F. Hanlon for respondent.

CHIPMAN, C.—Action for breach of warranty of quality of certain salt sold by defendant to plaintiff. The cause was tried by a jury, and plaintiff had the verdict. The appeal was taken within sixty days from the rendition of judgment, and a reversal is asked upon the ground that the judgment is not supported by the evidence: Code Civ. Proc., sec. 939, subd. 1. The transcript contains a statement on motion for new trial, which motion had not been heard when this appeal was taken.

No alleged errors of law committed at the trial are presented on this appeal. The sole and only question argued is, Is there sufficient evidence to support the verdict? Defendant is a manufacturer of salt, whose works are near Alviso, Alameda county. He has a place of business in San Francisco. Plaintiff is a commission merchant of San Francisco. In November, 1894, plaintiff purchased from defendant twenty-five tons of "half-ground" salt, according to sample furnished, to be shipped to one Guillermo Garcia Salas, a merchant of Retalhulen, Guatemala, by steamer "San Blas," the port of destination being Champerico. The salt reached its destination on November 27, 1894, and was satisfactory to the consignee. He shortly after telegraphed plaintiff to duplicate this shipment, and plaintiff gave the order to defendant about December 1st, pursuant to which defendant, on December 6, 1894, shipped the salt on the steamer "San Juan," which sailed on December 7, 1894, to the same consignee and to same port of destination. The controversy arises out of this last shipment, plaintiff claiming that the salt was not according to sample, but much inferior, whereby he suffered loss as alleged.

Defendant's counsel say in their brief: "We are fully aware of the general rule that, in an appeal from a judgment, the verdict will not be disturbed, even though not supported by a preponderance of evidence, if there is a substantial conflict in the evidence." While not admitting a

substantial conflict, they "invoke a modification of the rule in this case from the fact that the only semblance of testimony which could be regarded as raising a conflict comes to us under very suspicious circumstances, and is in the form of loosely drawn ex parte affidavits and depositions, made by natives of a foreign country, viz., Guatemala, and taken in Guatemala." We are cited to Wilson v. Cross, 33 Cal. 60, and to Reay v. Butler, 95 Cal. 206, 30 Pac. 208, in support of the claim that in such cases "this court has held that the rule does not retain its full force."

The court in Reay v. Butler, supra, in reviewing the earlier cases, took occasion to say that while the court will look into the evidence a little more closely when it consists entirely of depositions or affidavits, or notes of former testimony, "it cannot be taken as settled that in such a case the rule as to conflicting evidence does not apply." In the present case there was testimony material to the issues other than by deposition. Besides, it cannot for a moment be allowed that depositions made in foreign civilized countries by citizens of those countries are to be looked upon with suspicion or given less weight by reason alone of the residence or nativity of the witnesses. Such testimony must be judged as other testimony is judged.

The circumstances and facts surrounding the witnesses and the taking of the depositions in question, pointed out by appellant as tending to show the improbability of the truth of some of the facts sworn to by plaintiff's foreign witnesses, were all before the jury. The alleged contradictory statements of witnesses; the explanations given by them of the fact that their sworn statements in the depositions differed in some respects from previous statements in ex parte affidavits—were all matters which the jury were called upon to reconcile, and are wholly beyond the province of this court to review.

The conflict in the testimony submitted in support of the contention of the respective parties is irreconcilable. For example: Plaintiff testified unequivocally at the trial that he did not see a sample or any of the last shipment of salt that was shipped by his order, and so also did his bookkeeper, Bein, while defendant's evidence was to the effect that both plaintiff and Bein saw some of the salt that was being sacked to fill the order, and expressed satisfaction with it. Again,

defendant's evidence would have justified the jury in finding that he shipped salt not only up to sample, but even better than that first sent. On the other hand, the evidence of plaintiff would warrant the conclusion that the salt shipped by defendant which arrived at Champerico, and was delivered to Salas, the consignee, was not only not up to the sample, but was of a different and inferior grade. It is impossible for this court, under its well-established rule, to enter upon the attempt to reconcile the conflict so obviously present in this case.

Under the instructions of the court, the jury rendered a verdict for $451.91 as the damages sustained by plaintiff, which was much less than claimed. We do not understand defendant to question the method of computation of the damages made by the jury or the amount found by them; the objection to the verdict is that the jury found a breach of warranty, whereas defendant claims that the evidence shows no such or any breach. Other questions may arise on the motion for a new trial, as to which we, of course, express no opinion. There was, we think, evidence sufficient to support the verdict, and the judgment should be affirmed.

We concur: Gray, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.