[Civ. No. 1777. First Appellate District.—January 30, 1917.]

## DUMBARTON LAND AND IMPROVEMENT COMPANY (a Corporation), Appellant, v. D. J. MURPHY et al., Respondents.

WATER DISTRICT—HEARING OF PETITION FOR FORMATION—PLACE—SUFFICIENCY OF NOTICE.—Under the act of the legislature approved June 10, 1913, providing for the organization of county water districts, a notice of the time and place of the hearing of the petition for the creation of such a district, reciting that the hearing would be held at the office of the board of supervisors in the county courthouse, is sufficient to give the board jurisdiction to hear the petition, notwithstanding the board did not meet in the courthouse, but at the regular place of meeting of the board in the hall of records across the street from the courthouse, where it is shown that the objecting land owner was present at the hearing and participated therein, and that the hall of records was one of the group of buildings devoted to such official activities and uses as are commonly conducted in courthouses.

ID.—BENEFITS FROM DISTRICT—FINDING ON CONFLICTING EVIDENCE—MATTER NOT REVIEWABLE ON CERTIORARI.—In the creation of a county water district, the finding of the board of supervisors on conflicting evidence that certain lands were by location and nature of such character as to be benefited by the creation of the district, cannot be reviewed on *certiorari*.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. H. D. Burroughs, Judge presiding.

The facts are stated in the opinion of the court.

Snook & Church, for Appellant.

W. H. L. Hynes, District Attorney, Walter J. Burpee, Chief Deputy District Attorney, and John T. Nourse, for Respondents.

RICHARDS, J.—This is an appeal from a judgment and order denying a new trial in a proceeding wherein the petitioner and appellant herein applied to the superior court of Alameda County for a writ of *certiorari*, in which it was sought to have reviewed proceedings of the board of supervisors of said county in relation to the formation of the Alameda Water District and the inclusion of the lands of the petitioner within the boundaries of said district.

The facts, in so far as they relate to the initial steps taken by the said board of supervisors looking to the organization of said district, are practically undisputed, and are briefly these: On November 3, 1913, there was presented to said board of supervisors a petition praying for the incorporation and organization of a county water district under the provisions of an act of the legislature approved on June 10, 1913, providing for the organization of such districts. Said act provides that prior to the presentation of such petition notice of the time and place of the hearing thereon signed by a certain number of those who are seeking to form such water district, was first to be given for the time and in the manner required by said act. The record herein shows that such notice purports to have been given, wherein the time and place of hearing upon said petition was fixed for November 3, 1913, at the hour of 10 o'clock A. M. at the office of said board of supervisors "in the county courthouse of the city of Oakland." The record further discloses that on the said third day of November, 1913, the said board of supervisors met at the hour appointed in said notice at the meeting-rooms of said board in the hall of records of said county, and that at said meeting the hearing upon said petition was regularly continued to the tenth day of November, 1913, and was then again continued to the twelfth day of November, 1913, and then to the seventeenth day of November, 1913, and thence to the twenty-fifth day of November, 1913,

on which last-named day a hearing was had thereon, and that after such hearing, and after the board had excepted from the first named boundaries of the proposed water district certain lands of the petitioner herein and of certain other persons, which were shown to be covered with water, but had included the portion of the lands described in the petition herein, the board ordered an election to be held within the proposed district to determine whether it was the will of the electors therein that it should be organized under the provisions of the said act; that such election was called and held on December 30, 1913, at which it was voted that said district should be organized. On the twenty-ninth day of December, 1913, the day before said election, the petitioners herein applied to the superior court of said county for said writ of review, and on said day obtained said writ, directing the board of supervisors and the members thereof to certify their proceedings in said matter to said court. This was done, and upon the hearing thereon the judgment and order were made from which this appeal has been taken.

The first contention of the appellant is that the board of supervisors never acquired jurisdiction over the matter of the formation of the said water district by reason of certain alleged irregularities and defects in the preliminary proceedings, and chiefly in the notice of the hearing upon the petition by those who were seeking to have the water district created. It appears from the record that subsequent to the inception of said proceedings for the formation of the district and to the election held pursuant thereto, and to the application for the present writ of review but prior to the hearing thereon, the legislature by an act approved April 10, 1915, undertook to validate the proceedings for the formation of said district, and it is conceded by the appellant that this validating act of the legislature did in fact operate to cure all irregularities in the said proceedings with the exception of the two jurisdictional defects which are insisted upon on this appeal. The first of these consists in the alleged defect in the notice of the hearing upon the petition for the formation of said district.

It is contended by the appellant that said notice of hearing specified as the place where such hearing would be held "the office of said board in the county courthouse in the city of Oakland," whereas the board of supervisors has no office

in the county courthouse in the city of Oakland, and did not in fact meet there at the time of the first or any hearing upon said petition. It appears, however, from the record herein, that the regular place of meeting of the board of supervisors of Alameda County is in the building known as the hall of records, which stands across the street from the structure commonly designated as the courthouse, but which building is occupied by a number of the county offices, such as clerk, recorder, auditor, treasurer and the board of supervisors. It is a matter of common knowledge—in that county at least—that said building is so located, occupied, and used, and that it is in fact one of the group of buildings in the city of Oakland devoted to such official activities and uses as are commonly conducted in courthouses. Moreover the record discloses that the petitioner herein appeared at the said meeting place of said board of supervisors at the time designated in said notice for the first hearing upon said petition, and also appeared and participated in the subsequent hearings thereon at said place without making any objection to the form or sufficiency of said notice, and was therefore in no way misled by its terms.

In view of the foregoing facts we find no merit in the present contention of the appellant as to the insufficiency of said notice to give the board of supervisors jurisdiction to hear and determine the matter thus brought before it.

The second contention of the appellant is that the lands of the petitioner which were finally included within the boundaries of the said water district, as the same was organized and incorporated under the orders of said board, were of such nature and character that they could not derive any benefit from the construction and operation of the system of waterworks to be provided and operated through the creation of said water district. It is strenuously argued by the appellant that if its lands are of the character above indicated, the board of supervisors would have no authority or jurisdiction to include said lands within said district, and hence that its proceedings and orders culminating in the inclusion of appellant's said lands therein were and each of them is void, and that this being so, the aforesaid act of the legislature attempting to validate said proceedings was ineffectual for the reason that to give such effect to it would be to take away from the appellant property without due

process of law. The authorities cited by the appellant in support of this contention fully sustain it, and we have no doubt that if the undisputed fact should be that the said lands of the petitioner herein were not, from their nature, character, or location, susceptible of receiving the benefit from the creation of such district, and the exercise of its functions which are contemplated by the terms of the act of the legislature providing for the creation of water districts of this character, the effort of the person or official seeking to so illegally include said lands within such district could be successfully thwarted through some appropriate judicial proceeding, and this notwithstanding the act of the legislature purporting to validate the same. The respondents herein, however, contend that conceding this to be so, a writ of *certiorari* is not the appropriate or proper proceeding by which to determine said matter; that the board of supervisors having once acquired jurisdiction to determine the matter of the organization of said water district, and having proceeded to organize the same in accordance with the terms of the statute, and the said district having thereby acquired a *de facto* or *de jure* existence, its due incorporation can only be assailed by *quo warranto,* and in support of this contention the respondents present much and very respectable authority.

We do not, however, deem it necessary to enter upon the discussion or decision of either of these questions in this case, for the reason that the record herein discloses that the issue as to whether the said lands of the petitioner were by location and nature such as to be susceptible of receiving the benefits resulting from the creation and operation of said water district in accordance with the purposes of said legislative act providing for its formation, was presented to the board of supervisors during the course of the hearing upon the petition for the formation of such water district, and that the board took evidence thereon, and that the evidence thus taken was in substantial conflict upon such issue, and that the board resolved such conflict in the evidence in favor of the exclusion of a certain portion of the lands of said petitioner herein from the boundaries of said water district, and also in favor of the inclusion of that other portion of the petitioner's said lands involved in this proceeding within the boundaries of said district. Whether in so doing

the board was exercising legislative or judicial functions need not be put in question here. They were acting within the scope of their jurisdiction in the premises, and hence with the result of their determination we are not in this proceeding at liberty to interfere.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 28, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 29, 1917.