[L. A. No. 8621.   In Bank.—August 28, 1926.]

## ELIZABETH PEARSON, Respondent, v. HELLMAN COMMERCIAL TRUST & SAVINGS BANK (a Corporation) et al., Appellants.

[1] QUIETING TITLE — OWNERSHIP — EVIDENCE—PRESUMPTIONS.—In an action to quiet title, where the plaintiff introduced in evidence deeds of the property from certain persons to herself and testified that she purchased the property, there being no evidence offered to show that it was owned by another, the presumption was raised that plaintiff owned the property, which is decisive on appeal, although the plaintiff did not trace her title back to a paramount title.

[2] ID.—PROOF OF OWNERSHIP.—It is a disputable presumption that a person is the owner of property from exercising acts of ownership over it; and by selling and conveying property, the grantor exercises an act of ownership of the highest character, viz., the absolute disposition thereof by sale.

[3] ID.—CONVEYANCE TO MARRIED WOMAN—PRESUMPTIONS.—Whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property.

---

(1) 32 Cyc., p. 1372, n. 26.   (2) 22 C. J., p. 107, n. 54 New.
(3) 4 C. J., p. 1004, n. 64; 31 C. J., p. 59, n. 40.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Ralph H. Clock, Judge.   Affirmed.

---

1. See 22 Cal. Jur. 178.
2. See 21 Cal. Jur. 651; 10 R. C. L. 876.
3. See 5 Cal. Jur. 318.

The facts are stated in the opinion of the court.

Page & Hurt, Eugene D. Williams and Page, Nolan, Rohe & Hurt for Appellant.

W. I. Gilbert for Respondent.

FINCH, J., *pro tem.*—This is an appeal by the defendants from the judgment herein quieting plaintiff's title to certain real estate.

The complaint is in the usual form in actions to quiet title. It alleges that the plaintiff is the owner and in possession of the property and that the defendants, "without right, basis or foundation whatsoever," claim "some right, title, interest or estate in and to said property adverse to the plaintiff." The answer denies that the plaintiff is the owner or in possession of the property and, as separate defenses, alleges that W. J. Pearson, the husband of the plaintiff, is the owner of the property; that the property is the community property of the plaintiff and her husband, and that attachments have been duly levied upon said property in pending actions by defendants against said W. J. Pearson. In appellants' opening brief it is said:

"Briefly, the plaintiff's proof was this: That starting at an arbitrary point of time, and without tracing back to a paramount title, she introduced deeds from certain third persons to herself purporting to convey the property to her. She also attempted to show that, as between herself and W. J. Pearson, it was her property, attempting to show, but failing, we think, that it was her money and property that bought the property in question."

[1] Plaintiff testified that she purchased the property in suit, giving some of the details of the purchases. There is no evidence to show that W. J. Pearson has any interest in the property or that it is community property. There was no attempt to show, nor was there any intimation, even in the evidence, that the plaintiff's grantors were not the owners of the property at the times of the several conveyances to her. [2] It is a disputable presumption "that a person is the owner of property from exercising acts of ownership over it." (Code Civ. Proc., sec. 1963, subd. 12.) By selling and conveying the property to her, plaintiff's

grantors exercised acts of ownership "of the highest character,—viz., the absolute disposition thereof by sale." (*Bickerdike* v. *State,* 144 Cal. 698, 701 [78 Pac. 277].) [3] "Whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property." (Civ. Code, sec. 164.) In the absence of any evidence tending to overcome these presumptions, they are decisive of the questions presented on this appeal.

Appellants' contention that the court erred in admitting in evidence the deeds to which reference has been made is sufficiently disposed of by what has been said. Complaint is made that the court erred in excluding certain evidence sought to be introduced by the defendants. Since the admission of such evidence could not have changed the result of the trial, a discussion of the question of its admissibility would serve no useful purpose.

The judgment is affirmed.

Richards, J., Seawell, J., Waste, C. J., and Shenk, J., concurred.