[Civ. No. 4381. Third Appellate District.—December 9, 1931.]

MARIE D. DENNING et al., Respondents, v. M. GREEN, Appellant.

Robert L. Levy for Appellant.

J. L. Smith, Clarendon W. Anderson and W. H. Early for Respondents.

TUTTLE, J., *pro tem.*—This is an action brought to recover rents collected by appellant from property which belonged to respondents. It was tried by the court, and judgment for $920 was rendered against appellant. The appeal is from this judgment.

Defendant and appellant had possession of the real property from which said rentals accrued, he having acquired title from one Lichtenberg who claimed title from the state

of California by virtue of a sale for delinquent taxes. This tax deed was declared void by the trial court and said decision was affirmed on appeal. This action for the collection of rentals, however, was pending before the final determination of the action involving the tax deed, and was not presented to the court for its determination until the decision in the first case, involving title to the lands from which the rent was derived, had become final. In the first action which was a simple suit to quiet title, the trial court found, among other things, that defendant and appellant had collected and retained $920 in rentals while he had possession of the real property. The trial court also found in that action that defendant and appellant had refused to accept the tender of plaintiffs, made in open court, to reimburse him for all taxes, penalties, costs and interest paid out and expended in the matter of his said tax title, as required by section 3898 of the Political Code.

As a conclusion of law, the court held that the tax sale to Lichtenberg was invalid and void. The judgment in said former action was in the usual form quieting the title of plaintiffs and respondents in the real property, against the title or claim of title of defendant and appellant M. Green.

■ It is contended that the evidence is insufficient to support the findings, in that respondent failed to prove ownership. There is no merit in this contention. A deed to respondents was admitted in evidence and also the decree in the former suit quieting their title. There was no attempt to show, nor was there any intimation in the evidence, that plaintiffs' grantor was not the owner of the property at the time of the conveyance. Under such circumstances the presumption is that the grantor was the owner. This question is fully discussed and decided by Justice Finch *pro tem.*, in the case of *Pearson* v. *Hellman Commercial Trust & Sav. Bank*, 199 Cal. 305 [249 Pac. 10]. It further appears that the parties derived their titles through this common grantor. This would also render the objection untenable. This court so held in the case of *Jeffers* v. *Hulen*, 52 Cal. App. 590 [199 Pac. 350]. Where defendant claims through a tax deed based on a sale for taxes levied while plaintiffs' grantor was the owner, such grantor is the common source of title. (51 C. J., p. 175.)

█ It is next contended that respondents are estopped and barred from maintaining the action, by the judgment rendered in the former action, which quieted respondents' title to said property. In that action the complaint and other pleadings do not mention rental. The complaint is the simple and ordinary form to quiet title. In the findings, however, the trial court finds that appellant collected and retained rental in the sum of $920. There is no mention of rental in the conclusions of law or in the judgment. The evidence in the former case is not before us. It thus appears, and we must conclude that the matter of rental was not an issue in the case. Matters not in issue in the previous action are not *res judicata*. (15 Cal. Jur., p. 134.) The finding made upon the matter of rental was clearly outside the issues, and cannot constitute a bar to the present action. Furthermore, the finding was not necessary to the judgment, and hence was not conclusive upon respondents. (*Chapman* v. *Hughes,* 134 Cal. 641 [58 Pac. 298, 60 Pac. 974, 66 Pac. 982].)

█ It is also contended that respondents were not the real parties in interest, and hence could not maintain the action. Appellants point out that the record shows a deed from respondents to one Early, dated April 13, 1927. The record shows, however, that the rental in question accrued between August, 1922, and March, 1925. At this time the undisputed evidence shows that respondents were the owners of the property. Their right to the rental during this period is beyond question.

There is no merit in the appeal, and it is therefore ordered that the judgment be affirmed.

Preston, P. J., and Plummer, J., concurred.