SAN JOAQUIN AGRICULTURAL CORPORATION (a Corporation), Appellant, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF MADERA et al., Respondents.

Everts, Ewing & Wild and T. M. Stuart for Appellant.

Stanley Murray, A. L. Cowell and Haven, Athearn, Chandler & Farmer for Respondents.

PLUMMER, J.—The petitioner herein is the owner of a tract of land comprising some 5,000 acres of land situate within the exterior boundaries of the Madera Irrigation District in Madera County. At the time the proceedings were being taken and had for the organization of the Madera Irrigation District, petitioner filed a protest against the organization of the district, and also a petition for the exclusion of the lands owned by the corporation, from the district. Both the petitioner's protest and application for exclusion of its lands were overruled. This suit was then begun to obtain an order of the court declaring the proceedings for the organization of the Madera Irrigation District

null and void, and also for a writ of mandate compelling the Board of Supervisors to exclude the lands and premises belonging to the petitioner from the Madera Irrigation District. The trial court denied relief to the petitioner, and the cause is now before us upon appeal. Two propositions are presented: 1st. The legality of the organization of the district; 2d. The validity of the order of the Board of Supervisors denying petitioner's application for exclusion of lands.

The first objection presented by the appellants covers precisely the questions presented and considered by this court in the case of *Miller & Lux, Inc., a Corporation,* v. *Board of Supervisors of the County of Madera et al.,* 118 Cal. App. 416 [5 Pac. (2d) 612]. Upon the authority of that case it must be held that the appellant's first contention is without merit.

The second contention of the appellant is that a portion of its lands are already being irrigated by its own system. The record shows that the appellant is the owner of some 5,000 acres of land. As to whether the appellant's lands will be benefited by the system appears to have been decided by the Board of Supervisors upon conflicting testimony. In addition to this the record fails to show what portion of the lands and premises belonging to the appellant, are being irrigated by its private system. There appears to be no designation of the irrigated lands owned by the petitioner, by sections, quarter-sections or other legal designations, so that the Board of Supervisors could act thereon and grant any portion of the petitioner's application for the exclusion of its lands. There appears, so far as we have been able to ascertain in the record, no attempt made to describe the lands already irrigated, so that any order of exclusion could be made. Under such circumstances the rule followed by this court in the case of *J. & W. C. Shull, Inc.,* v. *Merced Irr. Dist.,* 90 Cal. App. 270 [265 Pac. 965], is controlling. Upon the authority of this case it must be held that the petitioner's second ground of complaint is untenable.

The judgment of the trial court is affirmed.

Preston, P. J., and Thompson (R. L.), J., concurred.