[Civ. No. 13402.   First Dist., Div. Two.   Jan. 22, 1948.]

FRANK CONNORS et al., Respondents, v. J. J. JEROME et al., Defendants; STATE OF CALIFORNIA, Appellant.

Fred N. Howser, Attorney General, and E. G. Benard, Deputy Attorney General, for Appellant.

Eugene K. Sturgis for Respondents.

DOOLING, J.—The plaintiffs and respondents purchased a parcel of tax-deeded property from the State of California on November 27, 1941. They thereafter brought this action to quiet their title to the property. The State of California

asserted a lien in the sum of $107.99 against the property for delinquent franchise taxes incurred by the Seske Investment Company in 1932 and 1933, at which time that corporation owned the property in question. Judgment went for plaintiffs and the State of California appeals.

The appellant asserts its lien under section 29 of the Bank and Corporation Franchise Tax Act (Stats. 1929, p. 31 as amended by Stats. 1933, p. 703; Deering's Gen. Laws, 1933 Supp., Act 8488):

"Every tax herein provided for has the effect of a judgment against the taxpayer, and every lien has the effect of an execution duly levied against all property of the delinquent, and the judgment is not satisfied nor the lien removed until the tax and the penalty are paid, or the property sold for the payment thereof. . . ."

Respondents on the other hand rely on section 3712 of the Revenue and Taxation Code as it read at the time the property was deeded to them by the state (Stats. 1941, p. 2464):

"The deed conveys title to the purchaser free of all encumbrances of any kind existing before the sale, except:

"(a)   Any lien for installments of assessments, which installments will become due after the time of the sale;

"(b)   The lien for taxes or assessments or other rights of any taxing agency which does not consent to the sale under this chapter;

"(c)   Liens for special assessments levied upon the property conveyed which were, at the time of the sale under this chapter, not included in the amount necessary to redeem the property from the sale to the State, and, where a taxing agency which collects its own taxes has consented to the sale under this chapter, not included in the amount required to redeem from sale to such taxing agency;

"(d)   Easements constituting servitudes upon or burdens to the property; water rights, the record title to which is held separately from the title to the property; and restrictions of record."

In connection with subdivision (b) of section 3712 above quoted we notice 1. that the State of California is a "taxing agency," by definition of the Revenue and Taxation Code, section 121 (Stats. 1941, p. 409) and 2. that no tax-deeded property may be sold by the state without the consent of the State Controller under section 3694 (Stats. 1939, p. 1922). Hence the lien for franchise taxes does not fall

under the exception contained in subdivision (b), nor does it fall under any of the other exceptions found in section 3712. It would seem therefore logically to be included in the sweeping phrase ''free of all encumbrances of any kind existing before the sale,'' in view of the fact that it is settled that the law in existence at the time of the sale from the state is the law which determines the legal effect of the sale. (*Monheit* v. *Cigna,* 28 Cal.2d 19, 26 [168 P.2d 965, 167 A.L.R. 995].)

The appellant argues, however, that to give the deed from the state this effect is to nullify the provision of section 29 of the Bank and Corporation Franchise Tax Act above quoted that ''the judgment is not satisfied nor the lien removed until the tax and the penalty are paid, or the property sold for the payment thereof.'' However before the date of the deed from the state to respondents the quoted language had been modified by the addition of the following qualifying language: ''or until the lien is released or otherwise extinguished.'' (Stats. 1937, p. 2344.)

The Supreme Court said in *Monheit* v. *Cigna, supra,* (28 Cal.2d p. 26):

''We know of no reason why the state may not declare a deed from it, with reference to its effect upon conflicting tax liens, to be different from that under the law as declared by it when it received the deed.''

The same principle seems applicable to the effect of franchise tax liens under section 29, Bank and Corporation Franchise Tax Act. Since the addition of the words ''or until the lien is . . . otherwise extinguished'' in section 29 no statutory inconsistency is found in the construction which section 3712 naturally bears, that the deed from the state operates to extinguish the preexisting franchise tax lien.

This construction is in harmony with the purpose of the section, to facilitate and encourage the sale of tax-deeded property by assuring the purchasers that their title acquired from the state will not be subject to other tax liens. (*South San Joaquin Irr. Dist.* v. *Neumiller,* 2 Cal.2d 485, 490 [42 P.2d 64]; *Smith* v. *Addiego,* 54 Cal.App.2d 230, 235 et seq. [129 P.2d 953].)

The judgment is affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 18, 1948.