Godding et ux., Appellants, *v.* Swanson et al.

Argued April 12, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*John H. Stewart,* with him *Thomas E. Doyle* and *Alexander, Clark & Stewart,* for appellants.

*Harold S. Hampson,* for appellees.

OPINION BY ARNOLD, J., July 15, 1949:

In this action of ejectment the court below, after hearing evidence of both the plaintiffs and defendants, entered judgment for the defendants as on a demurrer, and without adjudication on the merits.

The plaintiffs' declaration and amendments, with abstract of title, averred that the common source of both plaintiffs' and defendants' title was Anna Hackathorne, who died testate and whose devisees were predecessors in title to the plaintiffs. The plaintiffs' proofs were in conformity with their abstract.

The defendants' abstract set up a treasurer's sale to W. J. Knupp for unpaid taxes on the land involved, assessed in the name of Anna Hackathorne Estate; and also a treasurer's sale to said W. J. Knupp for unpaid taxes on land of which the instant subject matter was a part, assessed in the name of O. M. Borden, who was a predecessor in title of the plaintiffs.

The court gave judgment for the defendants, holding that Anna Hackathorne was not "a common source of title" because a tax sale does not confer a derivative title but is the beginning of a new title. This may be literally correct, but it has certainly not represented the view of the legal profession in Pennsylvania, where, we believe, it has been the universal practice to treat the owner of the land at the time of the assessment as the common source of title of the purchaser at the tax sale and the holder of the paper title proceeding out of such owner.

We find no adjudicated cases in Pennsylvania, but as to the understanding of the profession, in *Simpson v. Meyers*, 197 Pa. 522, 47 A. 868, an ejectment was brought by the owner of the paper title against one claiming under a tax sale. Skillful lawyers represented the parties and the case was tried by an able judge. Both sides treated the owner at the time of the assessment of the taxes as the common source of title of the parties. It is almost incredible that this contention would have been overlooked if sound. There is, however, authority elsewhere. In *Denning et al. v. Green*, (California) 6 Pac. 2d 317, the question was raised and thus disposed of: "Where defendant claims through a tax deed based on a sale for taxes levied while plaintiffs' grantor was the owner, such grantor is the common source of title. 51 C. J. p. 175." In *Ginaca et al. v. Peterson*, 262 Fed. Rep. 904, the Circuit Court of Appeals, Ninth Circuit, held, page 907: "Taxes are a lien upon the lands, and in the enforcement of statutory

proceedings to enforce such a lien there must be an ownership of the property against which the lien is established. . . . It would follow that, inasmuch as the title asserted by the appellants and that asserted by the appellee are from a common source, it is not necessary for either party to go back of that common source in their proof. . . . In Phillips v. Menotti . . . [139 Pac. 796, California] the court said that, where both parties claim title from a common source, it is sufficient to show conveyance of title from that source. . . ."

In most cases the only question involved is whether the tax title is valid. If not, the purchaser at tax sale has no right in the land. Thus no useful purpose would be served by tracing the paper title beyond the assessed owner. Nor are we impressed with the view that *where the defendant stands on a tax title* he may challenge some frailty in the plaintiff's paper title as to conveyances prior to that which placed title in what we have defined as the common source.

We therefore hold that in an action of ejectment between one claiming under a paper title and one claiming under a tax sale and deed, the common source of title is the owner of the land on which the taxes were assessed and for which the land is sold.[1]

Actually, in this case, one of the defendants' tax titles was challenged on the ground of a redemption by the owner. No other invalidity was alleged. Also in answer to the defendants' title, plaintiffs averred and took testimony to substantiate that the purchaser at the tax sales conveyed to Cooper, who in turn conveyed to the defendants; and that Cooper had previously conveyed to Beshlin, whose deed was not recorded, but that the defendants had actual knowledge of said conveyance.

---

[1] In an ejectment by the paper title against a tax title, under an assessment against X, and where the paper title is out of Y, the predecessor in title of X (as where a purchaser of a part does not have a separate assessment made), the common source of title is Y.

We must, therefore, reverse for a trial on the merits. We venture the suggestion that the record would be much clarified if the plaintiffs would file by substitution an amended complaint under Pa. R. C. P. 1051 to 1056, which adopt the same pleadings as in assumpsit actions: Pa. R. C. P. 1017 through 1037. This will permit the filing of a plaintiff's reply and much simplify the factual and legal questions.

The judgment is reversed and a new trial ordered.