[Civ. No. 3958. Fourth Dist. Nov. 2, 1949.]

ALICE C. JONES, Appellant, v. ERNEST L. BARTLETT, Respondent.

Solon S. Kipp and W. E. Starke for Appellant.

Virgil S. Kipp for Respondent.

BARNARD, P. J.—This is an appeal from a judgment quieting title 'to a lot in San Diego. The plaintiff claims as the former owner and the defendant claims under tax deeds to and from the state.

The complaint, which was filed on April 17, 1947, alleged that the plaintiff is the owner in fee and entitled to possession. The answer contained a general denial, alleged that the defendant is the owner in fee and entitled to possession, and prayed for a judgment quieting his title. As a second defense, the answer alleged that the plaintiff's action is barred by section 3521 of the Revenue and Taxation Code.

It was stipulated that the plaintiff is the owner unless her title is divested by the tax deed to the state and the tax deed from the state to the defendant. It appears without question that the lot was sold to the state in 1916 for delinquent taxes assessed in 1915; that the lot was deeded to the state on August 4, 1921, this deed being recorded on August 8, 1921. Also, that it was deeded by the state to the defendant by tax deed dated July 16, 1946, and recorded August 9, 1946. The taxes for 1947 were paid by the defendant. The court found that the defendant was, and is, the owner in fee and entitled to possession; that the plaintiff has no right, title or interest in the property; and that the plaintiff's right to commence or maintain the action is barred by section 3521 of the Revenue and Taxation Code insofar as any attack on the tax deed to the state or the tax proceedings leading thereto is concerned. Judgment was in favor of the defendant and the plaintiff has appealed.

The appellant contends that the tax proceedings were fatally defective and the tax deeds void; that for this reason the tax collector lacked the necessary power to sell; and that the statute of limitations does not apply because of jurisdictional defects. The only attack upon these tax proceedings which is here made is that the notice of sale published in June, 1916, was defective and failed to comply with sections 3764 and 3765 of the Political Code, as then existing, in that the amount stated in the notice as published was one cent more than it should have been, and in that the heading of the column in which the sale figure was listed used the word "percentage" instead of the word "penalties."

The attack here made is directed against the validity of the deed to the state, and against the proceedings leading thereto. In these respects the appellant's action would seem to be barred by section 3521 of the Revenue and Taxation

Code, as this action was filed nearly five years after the last date permitted under that section. (*Davault* v. *Essig*, 80 Cal.App.2d 970 [183 P.2d 39]; *Tannhauser* v. *Adams*, 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015].) The defects relied on would also come within the provisions of the various curative or validating acts. (*City of Compton* v. *Boland*, 26 Cal.2d 310 [158 P.2d 397].)

 The appellant further contends, however, that the statute of limitations does not apply to her as the former owner since she is not out of possession. There is nothing in the record to sustain this contention. She did not allege that she was in possession, and there is no evidence that she ever was in possession. The complaint indicates the contrary, there was no finding that she was in possession, and no evidence which would have sustained such a finding. Insofar as the record shows or indicates, the land in question is a vacant and unoccupied lot. All presumptions are in favor of the judgment. Moreover, any constructive right to possession arising from the possession of a deed would not only differ from actual and physical possession, but would also seem to follow from the possession of a deed issued by the state. We know of no presumptions which would operate to destroy the validity and effect of the tax deed here in question, or which would here prevent the operation of section 3521 of the Revenue and Taxation Code. Moreover, under section 175 of that code, the deed to the state which is here attacked is conclusively presumed to be valid since this action was filed more than 19 months after that section became effective.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.