[Civ. No. 14251. First Dist., Div. Two. Aug. 4, 1950.]

CENTRAL VALLEY EQUIPMENT COMPANY (a Corporation), Appellant, v. STATE OF CALIFORNIA et al., Respondents.

Henry J. Kleefisch for Appellant.

Fred N. Howser, Attorney General, E. G. Benard, Assistant Attorney General, Irving H. Perluss, Deputy Attorney General, Dion Holm, City Attorney, Lawrence S. Mana, Deputy City Attorney, Russell L. Wolden, Edward T. Bryant and H. D. Long for Respondents.

DOOLING, J.—Plaintiff appeals from an adverse judgment entered after sustaining demurrers to its complaint without leave to amend. The property involved, 10 vacant and unimproved lots in the city and county of San Francisco, was deeded by the tax collector to the State of California in 1935 for delinquent and unpaid city and county taxes levied and assessed in 1929. Plaintiff alleged that it is the owner, that the lots were not properly described on the assessment roll and that the assessments were excessive and discriminatory. By demurrer defendants set up that the cause of action was barred by sections 175 and 3521 of the Revenue and Taxation

Code. Each section provides a one-year period of limitation and the action was not commenced until April 21, 1948—over twelve years after the deed to the state, nearly seven years after the effective date of section 3521 and three years after that of section 175.

The action is clearly barred under the terms of either section if operative. Appellant argues that the sections cannot affect its rights because a curative act cannot operate to cure "jurisdictional" defects. The courts have plainly distinguished curative statutes from statutes of limitations holding that the latter can bar the right to attack a tax deed if plaintiff is allowed a reasonable time to sue. (*Davault* v. *Essig,* 80 Cal.App.2d 970 [183 P.2d 39], certiorari denied, 333 U.S. 843 [68 S.Ct. 660, 92 L.Ed. 1126] ; *Tannhauser* v. *Adams,* 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015] ; *Union Title Ins. & Trust Co.* v. *Thorp,* 94 Cal.App.2d 421 [210 P.2d 905] ; *Jones* v. *Bartlett,* 94 Cal.App.2d 418 [210 P.2d 903].)

Certain limitations on the rule are suggested in the Tannhauser case, 31 Cal.2d pp. 173-176, and the boundaries of the area within which a statute of limitations may properly operate in tax cases have not yet been closely marked out by our courts ; but we can discover no valid distinction between this case and the cases above cited in which the limitation statute has been applied. Certainly appellant has not brought itself within the suggested class of plaintiffs in possession to whom the Tannhauser case suggests the limitation statute may not apply. Not only does the complaint not allege that plaintiff is in possession of the lots but it alleges affirmatively that the lots "are vacant and unimproved." Whatever may be the rights of a plaintiff in possession under the Tannhauser decision that possession must be an actual, and not a merely constructive, one. (*Jones* v. *Bartlett, supra,* 94 Cal.App.2d p. 420 ; *Union Title Ins. & Trust Co.* v. *Thorp, supra,* 94 Cal.App.2d pp. 424-425 ; *Luberco, Ltd.* v. *Kipp,* 94 Cal.App.2d 409, 411-412 [210 P.2d 901].)

Under the decisions and the facts alleged it is clear that the action is barred by the pleaded sections of the Revenue and Taxation Code.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.