## Baehr v. Hagan et al. No. 2

*William B. Arnold,* for plaintiff.
*Charles W. Eaby,* for defendants.

SCHAEFFER, P. J., January 19, 1951.—Plaintiff obtained judgment for possession of premises No. 1416 Clearview Avenue, in Manheim Township, Lancaster County, Pa., before an alderman under the Acts of March 31 and April 10, 1905, P. L. 87 and 135, and defendants appealed to this court.

Plaintiff alleges in his complaint that defendants are in possession under a gratuitous oral permission,

revocable at will, which plaintiff has revoked. Defendants' answer sets forth an alleged contract made between plaintiff and defendants to permit Julia Hagan, one of the defendants, to live in plaintiff's premises during the lifetime of her mother, who was plaintiff's mother-in-law, and to permit Charles Grossman, the other defendant, to live in the premises so long as the latter's children needed a home. Plaintiff has filed preliminary objections and a demurrer to this answer and asks for judgment on the pleadings on the ground that defendants' defense under their alleged oral contract is barred by the statute of frauds and on the ground that the alleged oral contract upon which defendants rely is so uncertain and ambiguous as to be unenforcible.

In Second National Bank of Uniontown v. Hustead, 334 Pa. 421 (1939), plaintiff bought defendant's property at sheriff's sale and defendant refused to surrender possession. In a possessory proceeding similar to the one at bar defendant set up an oral agreement that in consideration of his forbearing to appeal from a dismissal of exceptions which they filed to the sheriff's sale, and their indefinite "extension of a certain option" for the benefit of third parties, he was to remain on the property without charge until the option was accepted or rejected, at which time "or until a reasonable time" thereafter, defendant would surrender posesssion. The Supreme Court said:

"Appellant's alleged oral agreement is not only within the prohibition of the statute of frauds, but is too indefinite to be of binding effect. . . . 'An enforceable contract is not made out unless each of its terms is shown with certainty and conciseness.'"

Defendants take the position that the Pennsylvania Rules of Civil Procedure relating to preliminary objections do not apply to the Act of December 14, 1863 [1864], P. L. 1125, supplemented by the Act

of March 31, 1905, P. L. 87, under which the proceedings were instituted before the alderman. Defendants further contend that the preliminary objections and the demurrer to defendants' answer are inconsistent.

It was decided in Maxwell et al., Trustees, v. Castiello et ux., 130 Pa. Superior Ct. 390, 397 (1938), that on an appeal from possessory action before an alderman under the Act of March 31, 1905, P. L. 87, supra, it shall be proceeded with in the same manner as ejectment. To the same effect are Shreiner v. Huber, 21 Dist. R. 407, and Anderson v. McHenry, 90 Pa. Superior Ct. 583. The Act of 1863, supra, also provides that on appeal to the court of common pleas such appeal shall be tried in the same manner as ejectment.

Pa. R. C. P. 1051 provides that "the procedure in the action of ejectment shall be in accordance with the rules relating to the action of assumpsit." In Godding et ux., v. Swanson et al., 165 Pa. Superior Ct. 193 (1949), it was held that the same Rules of Civil Procedure apply to ejectment as in an assumpsit action. In Wensel v. Kauffman, 23 Lehigh 37 (1948), it was decided that the procedure in ejectment is to conform to that of assumpsit.

On preliminary objections the facts as stated in the answer are taken to be true: Com. ex rel. Duff v. Huston, 361 Pa. 1. The answer in the instant proceeding does not set forth a good and legal defense and there is no indication that a better one can be alleged. The oral agreement as pleaded in defendants' answer is unenforcible under the statute of frauds and it is too indefinite in its terms. Preliminary objections, which are in the nature of a demurrer, were properly filed to defendants' answer in this case notwithstanding a different decision in Ott v. Frederick, 4 Chester 180 (1949). The procedure on appeal in a possessory action, like the one at bar, is the same as

ejectment and the Pennsylvania Rules of Civil Procedure make the procedure in ejectment the same as in assumpsit. Both of the latter procedures are subject to preliminary objections and, accordingly, preliminary objections apply to the instant case. The preliminary objections are sustained as to plaintiff's right to immediate and exclusive possession of the premises in controversy. The question of damages, if any, cannot be passed upon or adjudicated at this stage of the case. The motion to strike off part of the answer as being impertinent is overruled. The issue on the trial of this case is limited to the damages sustained by plaintiff, if any.

Pa. R. C. P. 1034 provides: "After the pleadings are closed, . . . any party may move for judgment on the pleadings." In Richardson et al. v. Savage et al., 129 Pa. Superior Ct. 235 (1937), in an action of ejectment judgment was entered on the pleadings for want of a sufficient answer. In Dougherty's Estate, 58 D. & C. 202 (1947), it was held by Ladner, J., that a defendant in proceedings for possession under the Act of April 20, 1905, P. L. 239, is not entitled to a jury trial as a matter of right, and a jury trial will not be granted where it is evident from the pleadings that there is no controlling or disputed question of fact to be decided.

And now, January 19, 1951, the preliminary objections are sustained and judgment is entered on the pleadings in favor of William H. Baehr, plaintiff, and against Julia Hagan and Charles Grossman, defendants, for the exclusive and immediate possession of premises No. 1416 Clearview Avenue, Manheim Township, Lancaster County, Pa., more fully described in plaintiff's complaint or declaration filed in this case.