[L. A. No. 21436.   In Bank.   Nov. 13, 1951.]

A. C. HELVEY, Appellant, v. SELIA SAX et al.,
Respondents.

William M. Taylor for Appellant.

Newby, Holder & Newby, Newman & Newman, Earl Redwine and Jonah Jones, Jr., for Respondents.

TRAYNOR, J.—The plaintiff, A. C. Helvey, brought this action to quiet title to several parcels of land in the Coachella Valley County Water District. Taxes levied by the district became delinquent and the several parcels were sold to the district in September, 1939. The parcels were not redeemed within the time allowed by law and were sold by the district to the defendants at public auction in 1946 and 1947.

Defendants base their titles on their tax deeds. Plaintiff relies on quitclaim deeds obtained in 1946 and 1947. Two of the deeds are from assessees named in the tax deeds; the third deed is from a person not listed as an assessee. There is no proof that any of the three predecessors of plaintiff were in possession at the time of their deeds to plaintiff, nor is there any proof of antecedent title of the three grantors. Judgment was entered for defendants and plaintiff appeals.

The question arises at the outset whether plaintiff offered sufficient evidence supporting his title to make out a prima facie case to avoid a nonsuit. (See *Santens* v. *Los Angeles Finance Co.*, 91 Cal.App.2d 197, 202 [204 P.2d 619]; cases collected in 22 Cal.Jur. 167.)

In a quiet title suit, the plaintiff may recover only upon the strength of his own title and not upon the weakness of defendant's title. (*Rockey* v. *Vieux*, 179 Cal. 681 [178

P. 712] ; see 22 Cal.Jur. 167.) ▮ A plaintiff relying on a paper title alone must trace his title (1) to the government; or (2) to a grantor in possession at the time of the conveyance to the plaintiff; or (3) to a source common to the chains of title of plaintiff and defendant. (*Rockey* v. *Vieux, supra.*)

Plaintiff did not offer evidence to sustain a prima facie case on either of the first two alternatives. He did show that his title to two of the three lots was derived from Moore and McFadden, assessees named in the deeds from the collector to the water district.

It is contended that plaintiff failed to show a common source of title, even as to Moore and McFadden, on the ground that the new and complete title acquired by the tax deed was derived from the state and not from the owner of the property.

▮ The state's taxing power is derived from its sovereign authority, not from any grant to it by the owner of property. ▮ A property tax operates in rem against the property, and a title granted by a tax deed pursuant to a valid sale of the property for nonpayment of taxes, conveys not merely the title of the person assessed, but a new and complete title under an independent grant from the state. (Rev. & Tax. Code, §§ 3712, 3520; *California Loan etc. Co.* v. *Weis,* 118 Cal. 489, 492, 494 [50 P. 697]; *Connors* v. *Jerome,* 83 Cal. App.2d 330 [188 P.2d 770]; see *Smith* v. *Addiego,* 54 Cal. App.2d 230, 237 [129 P.2d 953]; 75 A.L.R. 416; 51 Am.Jur., Taxation, 937.) The statement in *Syme* v. *Warden,* 114 Cal. App. 707, 712 [300 P. 863], that a tax deed conveys only such interest as the taxpayer has in the land was unnecessary to the decision therein. It is inconsistent with the foregoing cases and presently controlling statutes and is disapproved. In *Dorn* v. *Baker,* 96 Cal. 206, 209 [31 P. 37], the purchaser at the tax sale received only the equitable interest of the assessee in state school land, since the fee owned by the state was not subject to taxation. (*People* v. *Chambers,* 37 Cal.2d 552, 555 [233 P.2d 557]; *State Land Settlement Board* v. *Henderson,* 197 Cal. 470, 479 [241 P. 560]; *San Pedro etc. R. R. Co.* v. *Los Angeles,* 180 Cal. 18, 22 [179 P. 393].) ▮ A purchaser at the tax sale may thus receive a better title than that of the person against whom the taxes were assessed, unless he is the defaulting taxpayer or someone acting in his behalf. (*Dowd* v. *Glenn,* 54 Cal.App.2d 748, 755 [129 P.2d 964].)

It does not follow, however, that an owner out of possession, or persons claiming under him, cannot establish a prima

facie case by tracing title to the assessed owner. ▮ The proceedings against the property are the means by which the state obtains its title. If the proceedings are invalid, the assessee retains his interest. If the proceedings are valid, the interest of the assessee is replaced by the state's new and paramount title. The title of the state is thus dependent on the validity of the tax proceedings, just as the interest of an ordinary grantee is dependent on an effective conveyance by his grantor. The assessee's interest is extinguished, because he fails to pay the taxes or redeem the property.

▮ The fact that the state acquires the property by virtue of his default rather than by grant makes him no less the source of the state's title and of the title of the purchaser from the state. (*Denning* v. *Green,* 88 Cal.App. 379, 381 [263 P. 819] ; *Denning* v. *Green,* 119 Cal.App. 102, 104 [6 P.2d 317] ; *Ginaca* v. *Peterson,* 262 F. 904, 907; *Godding* v. *Swanson,* 165 Pa.Super. 193 [67 A.2d 814] ; *Porter* v. *Carroll,* 84 Fla. 62 [92 So. 809].) The assessee and those claiming under him are therefore not barred from attacking the title of the tax sale purchaser.

▮ The principles established by the Revenue and Taxation Code, and the decisions construing it, are applicable to the similar statute involved in the present case. (3 Deering's Gen. Laws, Act 9124, § 47,* now Wat: Code, § 31948; see *Dowd* v. *Glenn,* 54 Cal.App.2d 748 [129 P.2d 964].)

▮ The plaintiff in this action traced his paper title to Lots four and six to the assessees. On Lot two, however, plaintiff produced only a quitclaim deed from one Brady. The deed to the district is included in the record and shows that the property was assessed to one Ivans. An inference may be drawn from the testimony that Ivans was the deceased mother of Brady. Plaintiff, however, did not produce a deed or a decree of distribution to show that the property passed from Ivans to Brady. Plaintiff was thus unable to make out a prima facie case by tracing his and Dunlap's title to a common source.

▮ Plaintiff's action against defendant Budrovic is barred by the statute of limitations, which Budrovic pleaded. Section 45.5 of the County Water District Act (now Wat. Code, .

---

*"Such deed duly acknowledged or proved is (except as against actual fraud) conclusive evidence of the regularity of all the proceedings from the assessment by the assessor inclusive up to the execution of the deed. The deed conveys to the district the absolute title to the lands described therein, free of all encumbrances, except when the land is owned by the United States or this State in which case it is prima facie evidence of the right of possession."

§§ 31950, 31952) prevents any action attacking a deed to the district six months after the recordation of the deed, or three months after the effective date of the section (January 30, 1941), whichever is later. The statute applies to tax deeds executed both before and after its enactment. (*McCaslin* v. *Hamblen*, 37 Cal.2d 196 [231 P.2d 1]; *Tannhauser* v. *Adams*, 31 Cal.2d 169, 176 [187 P.2d 716, 5 A.L.R.2d 1015]; *Central Valley Equip. Co.* v. *State*, 98 Cal.App.2d 778 [220 P.2d 811]; *Davault* v. *Essig*, 80 Cal.App.2d 970 [183 P.2d 39].) Since plaintiff commenced this action in 1947, over six years after the effective date of section 45.5, his action is barred.

Although defendant Carreon did not plead the statute of limitations, plaintiff's attack on his title fails on the merits. For the same reasons his attack on the titles of Dunlap and Budrovic must fail, even if he were able to make out a prima facie case against Dunlap and his action against Budrovic were not barred by the statute of limitations.

There is no merit in plaintiff's contention that the tax deed could not be introduced in evidence, on the ground that defendants did not show that the district had the power to levy taxes. The district has all the powers of districts organized under the County Water District Act (3 Deering's Gen. Laws, Act 9124, now Wat. Code, § 30000 et seq.; see 2 Deering's Gen. Laws, Act 6178, now Wat. Code, § 33135), which authorizes the district to levy taxes and sell property taxed, if the taxes are not paid. (3 Deering's Gen. Laws, Act 9124, §§ 21-22, now Wat. Code, § 31745 et seq.) Moreover, the tax deeds were prima facie evidence that the property was assessed as required by law. (3 Deering's Gen. Laws, Act 9124, § 47, now Wat. Code, § 31947.)

Plaintiff contends that the taxes are void on the ground that the parcels involved in this action received no benefits by being included in the district. This contention comes too late. The assessed owners through whom plaintiff claims did not avail themselves of their statutory remedy to have their property excluded from the district on the ground that it was not benefited by inclusion therein. (3 Deering's Gen. Laws, Act 9124, § 28, now Wat. Code, § 32200 et seq.; see *Hand* v. *El Dorado Irr. Dist.*, 97 Cal.App. 740 [276 P. 137]; *San Joaquin Agr. Corp.* v. *Board of Supervisors*, 121 Cal. App. 468 [8 P.2d 1051].) Moreover, there is nothing in the evidence to show that plaintiff's predecessors challenged the taxes in the manner provided by the County Water District

Act. There was no attempt to have the tax assessments modified or cancelled, or to set aside the tax deeds to the district. (3 Deering's Gen. Laws, Act 9124, § 38, now Wat. Code, § 31965.) Since plaintiff's predecessors in interest failed to challenge the tax in the manner required by statute, plaintiff is now precluded from making a collateral attack on the tax proceedings. (*Wall* v. *M. & R. Sheep Co.*, 33 Cal.2d 768, 772 [205 P.2d 14]; see *Reclamation Dist.* v. *Turner*, 104 Cal. 334, 335 [37 P. 1038]; see *Dumbarton Land & Imp. Co.* v. *Murphy*, 32 Cal.App. 626, 630 [163 P. 866].)

▮ Plaintiff also contends that the liens of the taxes were released by the Federal Reclamation Act (43 U.S.C. §§ 423, 423a), which provides that lands found to be permanently unproductive by the Board of Survey and Adjustments shall be excluded from irrigation districts. Even if it is assumed that this statute applies to a California water district on the ground that California ratified the Colorado River Compact, plaintiff made no attempt to plead or prove that the Board of Survey and Adjustments had made such a finding with respect to the lands involved in this case.

The trial court ordered judgment for plaintiff on parcels five and eight, against defendants who had defaulted, but the judgment as entered failed to give judgment to plaintiff against the defaulting defendants. Plaintiff is entitled to a correct judgment. The trial court is therefore directed to modify the judgment to quiet plaintiff's title against the defaulting defendants to lots five and eight. In all other respects the judgment is affirmed. Plaintiff shall bear the costs of appeal.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J. concurred.