[Civ. No. 4430. Fourth Dist. Jan. 17, 1952.]

WILLIAM M. TAYLOR, Appellant, v. COACHELLA VALLEY COUNTY WATER DISTRICT et al., Respondents.

[Civ. No. 4431. Fourth Dist. Jan. 17, 1952.]

COACHELLA VALLEY COUNTY WATER DISTRICT, Respondent, v. WILLIAM M. TAYLOR et al., Appellants.

William M. Taylor, in pro. per., for Appellants.

Earl Redwine for Respondents.

MUSSELL, J.—In the first of these quiet title actions, plaintiff, William M. Taylor, seeks to quiet title to three parcels of real property in Riverside County. In the second action, plaintiff, Coachella Valley County Water District, seeks to quiet title to real property included in that described as Parcel No. 1 in the first amended complaint in the first action. These actions were tried at the same time and there is one reporter's transcript. The trial court rendered a judgment in each action quieting title in the Coachella Valley County Water District and Taylor appeals from both judgments.

William M. Taylor, as plaintiff, claims title to Parcel No. 1 by three quitclaim deeds, one from Mrs. F. L. Walters, dated February 4, 1946; one from Buena Vista Smith, dated January 18, 1946; and one from W. B. Thayer, dated June 25, 1946. Taylor claims title to Parcel No. 2 by a grant deed from A. C. Helvey, dated February 4, 1946, and claims title to Parcel No. 3 by a deed from Walter Flockton, dated January 15, 1947. No evidence was introduced showing that any of the grantors named in any of these various deeds were ever in possession of the property involved and there was no proof offered as to the antecedent title of any of the grantors.

Plaintiff Taylor also relied upon what he claimed to be deeds from the State of California, which were in fact Riverside County Treasurer's receipts and certificates of redemption. No attempt was made by appellant Taylor to show that title could be or was conveyed to him by reason of these documents.

The Coachella Valley County Water District presented evidence in support of its title to Parcel No. 1 showing unpaid district taxes thereon since prior to 1935; 12 collector's deeds dated from September 6, 1939, to September 5, 1944, showing

title in the district; and a judgment of the Superior Court in and for the County of Riverside, dated June 2, 1950, quieting title in the name of the district to this property. The Taylor quitclaim deeds are all subsequent to the time when this land was deeded to the district by the 12 collector's deeds. ▆ The quitclaim deeds only operated to transfer such interest as the grantors therein had and did not carry any after-acquired title. (*Buller* v. *Buller,* 62 Cal.App.2d 694, 699 [145 P.2d 653]; *Lombardi* v. *Sinanides,* 71 Cal.App. 272, 277 [235 P. 455].) The district introduced evidence of its title to Parcel No. 2 by 30 collector's deeds bearing dates from September 6, 1939, to September 5, 1942, showing title in the district. The last of these collector's deeds was executed, delivered and recorded almost four years before Taylor received a deed from Helvey to Parcel No. 2. The district's title to Parcel No. 3 was shown by evidence of unpaid district taxes since prior to 1935; by a collector's deed dated September 6, 1939; by a deed from the State of California, dated September 25, 1946, and by a judgment of the Superior Court in and for the County of Riverside in an action designated *Coachella Valley County Water Dist.* v. *Walter Flockton and Ethel Flockton, No. 42427,* quieting title in the respondent district to this parcel.

▆▆ Appellant Taylor argues that the taxes levied by the district were void because the parcels involved received no benefits by being included in the water district and that it was not shown that the district had the power to levy taxes. Both of these contentions were answered adversely to appellant Taylor in *Helvey* v. *Sax,* 38 Cal.2d 21, 26-27 [237 P.2d 269], where it was held that the tax deeds were prima facie evidence that the property was assessed as required by law and that since the plaintiff's predecessors in interest failed to challenge the tax in the manner required by statute, plaintiff was precluded from making a collateral attack on the tax proceedings.

▆▆ It is well settled that in a suit to quiet title the plaintiff may recover only upon the strength of his own title and not upon the weakness of that of the defendant and that where, as here, the plaintiff relies upon paper title alone, he must trace his title (1) to the government; or (2) to a grantor in possession at the time of the conveyance to the plaintiff; or (3) to a source common to the chains of title of plaintiff and defendant. (*Helvey* v. *Sax, supra,* p. 24.) Taylor failed to establish his title to the property involved and

the evidence was sufficient to sustain the trial court's findings that the district is the owner and entitled to the possession thereof.

The judgments are affirmed.

Barnard, P. J., and Griffin, J., concurred.